HAROLD G. WELLS *vs.* THE ACTIVE AUTOMOBILE EX-CHANGE, INC.

Third Judicial District, New Haven, June Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In specifying what reasons of appeal will be pursued on the brief or in argument in this court, pursuant to the rule (Practice Book, 1922, p. 307, § 3), it is sufficient to identify the reasons by their numerals; and those only should be specified which the appellant intends to pursue. A violation of this rule may—as in the present case—deprive the offending party of his costs in this court.

An agent who commits or directs the commission of a tort in the course of his principal's business, though acting within the scope of his authority, makes himself as well as his principal liable in case he knew or ought to have known that the act was wrongful. This rule, however, has no application to a case in which a corporation and an individual are sued for a conversion of property of which they are alleged to be bailees for hire, but in which there is no averment that the individual defendant was acting as agent for the corporation; and in such a situation a failure to prove the cause of action against the individual entitles him to a verdict, or, if one be returned against him, to have it set aside upon motion.

A bailee when called upon for the property deposited, must deliver it or account for his default.

One of the distinctive obligations of a bailee of a chattel for storage and care, is to restore the identical thing bailed, and on his refusal or inability to do so at the termination of the bailment, he may be sued in trover. He is also liable for injuries to the chattel bailed which are caused by negligence; and under our practice the two causes of action may be joined in one complaint.

Whether the injuries to, or spoliation of, an automobile while in storage, are so great as to destroy its identity as the thing bailed, is a question of fact for the jury. If the car is crippled to such an extent that upon termination of the bailment it is useless to the owner and incapable of reasonable repair, the bailee is liable for its conversion; otherwise the owner should accept the car when tendered, and sue to recover damages for the injuries to it caused by the bailee's negligence.

Where two defendants are sued and the jury find against one of them only, they should return a verdict in favor of the other. An instruction to this effect should be given them by the trial court, and, if necessary, they should be returned in order to comply with it.

Argued June 15th—decided July 27th, 1923.

Action to recover damages for the alleged conversion of an automobile placed with the defendants for storage, or for injuries thereto, brought to the District Court of Waterbury and tried to the jury before *Mackpeace, Deputy-Judge;* the jury returned a verdict for the plaintiff against the defendant Morganstern for $1,105, which was later reduced by the plaintiff's *remittitur* to $994.50, and from judgment thereon the defendant Morganstern appealed. *Error and new trial ordered.*

The action was brought against the Active Automobile Exchange, Inc., described as a corporation, and Louis Morganstern, not otherwise described than as a resident of Waterbury.

The complaint alleges that the plaintiff employed the defendants, or either of them, to store and care for plaintiff's motor-car at the agreed rate of $5 a month; that the defendants, or either of them, converted the car to their use and dismantled the same, or negli-

gently allowed the same to be converted and dismantled so as to render it useless to the plaintiff, and that the plaintiff lost the value of the car and was deprived of the use of it for a long time.

The defendants joined in a general denial of all the allegations of the complaint.

The jury returned a verdict against Morganstern, and returned no verdict for or against the corporate defendant. On motion the court at first set aside the verdict against Morganstern, stating in its memorandum of decision that there was ample evidence to support a verdict against the corporate defendant, but none to support the verdict against Morganstern. Later the court of its own motion vacated this order, on the authority of *Semple* v. *Morganstern*, 97 Conn. 402, 116 Atl. 906, and ordered that the verdict be set aside unless a small *remittitur* should be filed by the plaintiff. This was done and judgment rendered accordingly. Defendant Morganstern appeals.

*William E. Thoms*, for the appellant (defendant Morganstern).

*Ulysses G. Church*, for the appellee (plaintiff).

BEACH, J. We note that the appealing defendant, in complying with the rule requiring the appellant to specify what reasons of appeal will be pursued on the brief and in argument here, caused all his reasons of appeal to be reprinted *in extenso*. This is entirely unnecessary. The proper practice is to identify the reasons of appeal which will be pursued by their numbers, and to specify only such numbers as the appellant intends to pursue. We also note that the appellant has made no attempt to pursue all of his reasons of appeal. The twenty-two exceptions to the finding are expressly

abandoned on the brief, and as to the other twenty-four reasons of appeal the brief announces that because they are numerous no attempt will be made to pursue them seriatim. Instead, the reasons of appeal, as such, are cast aside, and three propositions substituted. Of these, the first and second correspond to the first and eighth reasons of appeal respectively, though not so described, and the third is stated in such general terms that it is impossible to tell which of the remaining twenty-two reasons of appeal are intended to be included in it. The plain purpose and object of the rule have been ignored and defeated, and, as the rule provides, no costs will be taxed in this court in favor of the offending party.

As it now turns out, three propositions are pursued on the brief: that the court erred in denying the defendant Morganstern's motion to set aside the verdict; that the court erred in its charge in several particulars; and that it erred in not granting a motion in arrest of judgment.

Examination of the evidence satisfies us that the trial court was right in its original statement that there was no evidence of any contract of bailment between the plaintiff and the defendant Morganstern. It is apparent that the plaintiff knew from the start that he was dealing with Morganstern as the representative of the corporate defendant. On the pleadings and on the evidence the court was right in its original order setting aside the verdict against Morganstern. Subsequently the court vacated this order and in effect re-instated the verdict on the supposed authority of *Semple* v. *Morganstern*, 97 Conn. 402, 116 Atl. 906. In this the court erred.

In the *Semple* case Morganstern, who was sued individually for conversion, defended on the ground that he was not personally liable because whatever he did was done as manager of the Active Automobile Exchange, Inc., in the course of its business and on its behalf;

and we applied the settled rule that an agent who commits or directs the commission of a tort in the course of his principal's business, though acting within the scope of his authority, will make himself as well as his principal liable in case he knew or ought to have known that the act was wrongful. But in this case there is no allegation that Morganstern was acting as an agent or officer of the corporate defendant. The cause of action alleged is conversion of the thing bailed by a bailee for hire, and Morganstern is not charged otherwise than directly as a contracting bailee; either jointly with the corporate defendant or separately as an individual. The answer was a general denial, and as no legal evidence was offered of any contract of bailment with Morganstern, the cause of action alleged was left wholly unproved against him.

This is enough to dispose of the appeal, but as a new trial must be ordered, we refer briefly to two portions of the charge, dealing with questions which may arise again.

The court charged the jury in reference to the special obligation of a bailee to redeliver the thing bailed at the termination of the bailment; that upon proof of the bailment, its termination, and the inability of the bailee to return the car in the same condition—reasonable depreciation excepted—in which it was received; that the "burden of proof, or rather, the burden of going forward, is shifted to the defendant, and he must in his turn show that he did exercise a reasonable degree of care such as a prudent man would use under the circumstances in fulfillment of his contract of bailment." This was correct. "The bailee, when called upon for the article deposited, must deliver it, or account for his default by showing a loss of it by some violence, theft, or accident." 2 Kent's Commentaries, 587.

In another part of the charge the court instructed

the jury as to what would amount to a conversion by the bailee. The plaintiff claimed and offered evidence to prove that the car, when offered for redelivery, was stripped of everything removable, including Willard battery, two tires, five tubes, two seat cushions, headlights, crank, two jacks, lugs on the tires, spark plugs, hub caps, tool-box broken open and tools taken out, generator, horn, foot boards, dash, carburetor, speedometer, extension-light removed, together with numerous accessories; that the car, in the condition in which they found it, was valueless to the plaintiff and could not be repaired.

As to this claim the court charged that if the jury should find that there was a general contract of storage and care, and that parts of this car were lost without a reasonable explanation of their loss by the bailee, "and that their loss crippled the automobile to such an extent that it was then or there useless to the plaintiff, and incapable of use by him, then I charge you that your so finding their loss or disappearance renders the case one of conversion rather than of mere negligence, and in that event I charge you, as a matter of law, that the plaintiff was under no obligation to . . . take back the car . . . and that the measure of damages . . . to the plaintiff was the reasonable market value of this particular car at the place and time of conversion, plus simple interest at six per cent to date. But if you shall find by a fair preponderance of evidence that there were certain parts lost or missing, but that such parts were not necessary and vital parts, and that their loss did not cripple the automobile to such an extent that it was then and there useless to the plaintiff and incapable of use or reasonable repair by him, then I charge you as a matter of law that there was no conversion, and that in such case it was the duty of the plaintiff to take his car when tendered to him, and that the

measure of damages in such case would be the value of missing parts and their cost of restoration, plus a reasonable amount for the reasonable loss of use of the car during the time necessary to replace the parts and put the car in active operation."

This charge was correct as applied to a bailee for hire. One of the distinctive obligations of a bailee of a chattel for storage and care is to return the identical thing bailed. 6 Corpus Juris, 1139. On his refusal or inability to do so at the termination of the bailment, he may be sued in trover. "It is a familiar principle that a bailor may sue his bailee for the latter's conversion of the thing bailed." *Barker* v. *Lewis Storage & Transfer Co.*, 79 Conn. 342, 344, 65 Atl. 143. The bailee is also liable for injuries to the thing bailed caused by negligence. Under our practice the two causes of action may be joined in one complaint. Whether the spoliation of the plaintiff's car was so great as to destroy its identity as the thing bailed, was a question of fact for the jury. We do not read the charge as implying that the loss of any one part which would prevent the car from being operated, would amount to a conversion. Taking the passage as a whole, the test proposed to the jury was whether the car was crippled to such an extent that it was then and there useless to the plaintiff and incapable of use or reasonable repair; and upon the claims of the parties that was not an unreasonable test.

The court should, of course, have instructed the jury that if they found against one of the defendants only, they should return a verdict in favor of the other. And upon the failure of the jury to return any verdict either for or against the corporate defendant, the court should have returned the jury to a second consideration for that purpose.

We deem it unnecessary to discuss the motion in

arrest of judgment. The court promptly recalled the jury and attempted to cure the irregularity complained of, so that it manifestly will not be repeated on the new trial.

There is error and a new trial is ordered against both defendants, but without costs in this court.

In this opinion the other judges concurred.