BOSTON AND MAINE RAILROAD *vs.* PHILIP T. CATE.

Middlesex.     November 16, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Buses, License. *Equity Jurisdiction*, To restrain unlawful operation of motor buses. *Equity Pleading and Practice*, Amendment. *Constitutional Law*, Interstate commerce, Police power.

It is proper to permit a bill, brought in June, 1925, to restrain violation of G. L. c. 159, §§ 45, 46, to be amended by consent of the parties after the filing of a master's report and the enactment of St. 1925, c. 280, to bring it within the terms of that statute so that a decision·of the case may rest upon the law and facts existing at the time of the filing of the final decree.

One, operating motor buses in numerous cities and towns in this Commonwealth for the carriage of passengers for hire in such manner as to afford a means of transportation similar to that afforded by a street railway company by indiscriminately receiving passengers along the

route on which the vehicle is operated or may be running, and for transporting passengers for hire between fixed and regular termini, cannot avoid compliance with the requirements of G. L. c. 159, §§ 45–48 B; St. 1925, c. 280, §§ 1, 2, by extending his route beyond Lowell in this Commonwealth to Nashua in the State of New Hampshire and issuing tickets designed to indicate interstate transportation.   Following *Barrows* v. *Farnum's Stage Lines, Inc., ante,* 240.

A railroad corporation, conducting its business of being a common carrier under numerous franchises granted by this Commonwealth, may maintain a suit in equity to restrain the operation of motor buses in the circumstances above described where it appears that such operation in the main parallels its tracks, at the farthest being only a few miles distant.   Following *New York, New Haven & Hartford Railroad* v. *Deister,* 253 Mass. 178.

BILL IN EQUITY, filed in the Superior Court on June 9, 1925, and afterwards amended, seeking to restrain the defendant from operating any motor vehicle on any public way for the carriage of passengers for hire as a business between Boston and Lowell and intermediate points, unless and until the defendant shall have obtained a valid license therefor from the city council of every city and the selectmen of every town in or through which such motor vehicle is operated.

The suit was referred to a master.   The master filed his report on September 11, 1925.   Material facts found by him are described in the opinion.   On September 16, 1925, by consent of the parties, the bill was amended by including allegations to bring it within St. 1925, c. 280, which had become effective on August 1, 1925.

No exceptions to the master's report were filed, and by order of *Dubuque,* J., an interlocutory decree was entered confirming it.   The judge then reserved the suit upon the pleadings and the master's report for determination by this court.

*J. M. O'Donoghue,* for the plaintiff.

*J. P. Feeney & T. H. Mahony,* for the defendant, submitted a brief.

RUGG, C.J.   The plaintiff is a corporation operating lines of railroad for the transportation of passengers between Boston and all cities and many towns north of Boston within the Commonwealth including Lowell and the States of New Hampshire and Maine.   It conducts this business of being a

common carrier under numerous franchises granted by this Commonwealth. It seeks by this suit in equity to restrain the defendant by injunction from operating any motor vehicles on any public way for the carriage of passengers for hire as a business between Boston and Lowell and intermediate cities and towns, unless and until he shall comply with the provisions of St. 1925, c. 280, amending G. L. c. 159, §§ 45 – 49. It does not seek to restrain the carriage of interstate passengers by the defendant, but only such passengers as are during their entire journey within the territorial limits of this Commonwealth.

The bill was amended to bring it within the terms of St. 1925, c. 280, and both parties have argued it on the footing of that statute. There is no objection to that course. Thus the decision will rest upon the law and facts existing at the time of the final decree. *Day* v. *Mills*, 213 Mass. 585. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9.

The case was referred to a master, whose report contains a full finding of all the facts. The defendant from June 4, 1925, until about July 4, 1925, operated a so called bus line over the public ways between Lowell and Boston, carrying passengers for hire. Fixed stopping places are established for the buses, now six in number, of large size and capable of carrying from twenty-four to thirty-two passengers each. The routes of travel over the public ways are fixed. On or about July 4, 1925, the defendant changed his plan of business and since that time has operated buses from Nashua in the State of New Hampshire to Brockton in this Commonwealth, but still with fixed routes and stopping places running through Lowell and Boston. Over the entire route between Boston and New Hampshire State line the lines of travel of the motor vehicles in the main parallel tracks of the plaintiff, at the farthest being only a few miles distant. A regular daily time-table of buses is maintained, with offices for the sale of tickets. The form of tickets, designed to indicate interstate transportation, is of no consequence so far as purely intrastate traffic is concerned. The law looks at the substance of the thing done. The master has found that the defendant is operating his motor vehicles in numer-

ous cities and towns in this Commonwealth for the carriage of passengers for hire in such manner as to afford a means of transportation similar to that afforded by a railway company by indiscriminately receiving passengers along the route on which the vehicle is operated or may be running, and for transporting passengers for hire between fixed and regular termini; and that he is doing this without a license from the city council of the cities or the selectmen of the towns through which the motor vehicles are run; and that he has not deposited any bond conditioned to pay judgments for injuries or damages to person or property; that he has not complied with certain ordinances of Boston and Lowell; that he has not obtained any certificate from the department of public utilities as to the conduct of his business, and that he holds no rights from the Commonwealth except the registration of his motor vehicles issued to him by the department of motor vehicles.

No person is permitted thus to operate motor vehicles under G. L. c. 159, §§ 46-49, inclusive, as amended by St. 1925, c. 280. Those statutes expressly prohibit such operation of motor vehicles and establish penalty therefor, subject, however, to the express proviso (so far as concerns the case at bar) that they shall not be applicable "in respect to such carriage as may be exclusively interstate."

The master further finds that the defendant, upon being informed of the decision in *New York, New Haven & Hartford Railroad* v. *Deister*, 253 Mass. 178, sought some means by which his business might be conducted in a way that would be beyond the scope of that decision, and with that object in view the plan of running to Nashua was evolved. The majority of the buses have gone north over the New Hampshire State line and come south from New Hampshire into Massachusetts without carrying any passengers at all. The amount of business gained by this additional service does not warrant its maintenance unless it gives to the defendant the rights and standing of an interstate carrier. The trips from Lowell to Nashua and *vice versa* are carried on solely for the purpose of laying a foundation for the claim of interstate business.

The master also finds that the carriage of passengers for hire by the defendant between Lowell and Boston and the intervening cities and towns has adversely affected the plaintiff's like business to a substantial extent and caused financial loss to it. These findings are supported by subsidiary findings and schedules and recitals of other evidence. They must be accepted as true.

The interpretation of G. L. c. 159, §§ 45–49, as amended by St. 1925, c. 280, so far as relevant to the present facts, has been given in *Barrows* v. *Farnum's Stage Lines, Inc., ante,* 240, just decided. The constitutionality of those sections of the statute has also in that decision been upheld against attack based on the interstate commerce clause of the Constitution of the United States, so far as we can so decide. That decision also holds that the statute, so far as it requires licenses from local authorities and the certificate from the State department, is applicable to a person doing the kind of business carried on by the defendant, and that the fact that he is engaged in interstate commerce and has established a continuous route for his motor vehicles in two States does not enable him to transact any business of transportation wholly within this Commonwealth without complying strictly with the sections of the statute as to licenses and certificate. It is a necessary result of that decision that the defendant has no right to carry passengers, whose journey is wholly within the Commonwealth, without the licenses and certificate required by G. L. c. 159, §§ 45–49, as amended by St. 1925, c. 280.

The plaintiff, being a common carrier of passengers under franchises from the Commonwealth and suffering substantial financial injury from the unlawful competition of the defendant, has a right to maintain a suit in equity to restrain that conduct of the defendant in violation of the statute. This is the necessary result and a precise point of the decision in *New York, New Haven & Hartford Railroad* v. *Deister,* 253 Mass. 178. The case at bar is completely covered by that authority on this point.

Every contention made by the defendant is settled adversely to him by the two decisions last cited. An injunction

is to issue restraining him from doing any local or domestic business within the Commonwealth here complained of until he has received the licenses and certificate required by law.

*Ordered accordingly.*