BOSTON AND MAINE RAILROAD *vs.* FRANKLIN L. HART.

Suffolk.    November 16, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Buses, License.   *Equity Jurisdiction*, To restrain unlawful operation of motor buses.   *Constitutional Law*, Interstate commerce, Police power.

Although G. L. c. 159, § 45, before its amendment by St. 1925, c. 280, contained no exception expressly exempting from its operation those engaged exclusively in interstate commerce, as a matter of interpretation it must be *held* to have applied only to intrastate commerce and not to have included interstate commerce within its provisions.

One who, before St. 1925, c. 280, became operative, without having complied with the provisions of G. L. c. 159, § 45, operated motor vehicles for the carriage of passengers for hire over the public highways in the Commonwealth between Boston and Fitchburg as fixed and regular termini and in a manner similar to street railways, properly was enjoined from continuing such operation, although he also ran his buses beyond Fitchburg to Keene in the State of New Hampshire and to Albany in the State of New York.

The defendant demurred to the bill.   The demurrer was heard by *Keating*, J., and by his order an interlocutory decree was entered overruling it.

The suit then was referred to a master.   Material findings

by the master are described in the opinion.   Exceptions to the report of the master were waived by the defendant, and the report then was confirmed by an interlocutory decree entered by order of *Lourie*, J., who thereupon reported the suit to this court for determination.

*R. W. Hall*, for the plaintiff.

*J. H. Walsh, Jr.*, for the defendant, submitted a brief.

RUGG, C.J.   This is a suit in equity whereby injunction is sought to restrain the defendant from operating motor buses for the carriage of passengers in competition with the plaintiff between Boston and Fitchburg in this Commonwealth. The case was referred to a master, who has made a full report of the facts.   These may be summarily stated so far, as concern the questions of law to be decided.   The plaintiff is a corporation owning and operating under franchises from the Commonwealth lines of railroad with many passenger trains for the transportation of passengers between Boston through intermediate cities and towns and Fitchburg and Winchendon in this Commonwealth.   The defendant, beginning in March, 1925, has operated a line of motor buses between Boston in this Commonwealth and Keene in the State of New Hampshire for the carriage of passengers for hire over public ways by regular routes paralleling the tracks of the plaintiff throughout the distance between Boston and Fitchburg.   The buses make regular stops in all cities and towns along their route for taking on and discharging passengers.   He has a regular passenger tariff and time-table, maintains a ticket office in Boston, and authorized ticket agents in other places.   The defendant also maintains a line of buses between Boston through Fitchburg to Albany in the State of New York, which, during rush periods, such as Saturday or Sunday nights, occasionally carry between Boston and Fitchburg the overflow of passengers from other motor vehicles.   The defendant has had no licenses at any time for carrying on his business in any of the cities or towns through which his buses run, such as were and are required by G. L. c. 159, § 45, both before and after its amendment by St. 1925, c. 280.   The defendant has filed no bond to pay specified damages as required by the city ordinance of Boston

and G. L. c. 159, § 46. The defendant competes directly with the plaintiff for the carriage of passengers. He is operating motor vehicles for the carriage of passengers for hire over the public highways between fixed and regular termini and in a manner similar to street railways. That operation has caused a direct and substantial loss of revenue to the plaintiff.

All these facts show a plain violation by the defendant of the provisions of G. L. c. 159, §§ 45, 46, both before and after its amendment by St. 1925, c. 280.

The only difference between the case at bar and *Barrows* v. *Farnum's Stage Lines, Inc., ante,* 240, and *Boston & Maine Railroad* v. *Cate, ante,* 248, both decided this day, is that the present bill was filed on April 29, 1925, which was the day on which St. 1925, c. 280, was approved and before it became operative. If it be thought that the plaintiff's rights depend in any degree upon G. L. c. 159, § 45, before its amendment by St. 1925, c. 280, the result is not affected. Said § 45, before its amendment, contained no exception expressly exempting from its operation those engaged exclusively in interstate carriage. It was held in *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564, 575, with reference to a similar statute unrestricted in terms, that as matter of interpretation it applied only to intrastate commerce and did not include interstate commerce, and that thus interpreted it was operative as to transportation having its beginning and ending within the Commonwealth. Even though much the larger part of the business of any person be interstate commerce, yet, if he engages to any extent in local or domestic carriage, requirement for license or permit is a valid regulation respecting such intrastate transactions. That decision would govern G. L. c. 159, § 45, apart from its amendment. The defendant would be strictly amenable to its terms if and so far as he engaged in the carriage of passengers for hire over public ways by a journey beginning and ending within the territory of this Commonwealth. The defendant is operating his buses with respect to such carriage of passengers contrary to the terms of G. L. c. 159, §§ 45–49, as amended by St. 1925, c. 280. The case at bar is thus covered in every

aspect by the decisions just rendered in *Barrows* v. *Farnum's Stage Lines, Inc., supra,* and *Boston & Maine Railroad* v. *Cate, supra.    Opinion of the Justices,* 251 Mass. 569, 606, 607.

The right of the plaintiff to obtain relief by injunction against the defendant is settled in its favor by *New York, New Haven & Hartford Railroad* v. *Deister,* 253 Mass. 178.

Permanent injunction is to issue in accordance with the third prayer of the bill.

*Ordered accordingly.*