COMMONWEALTH *vs.* GEORGE P. POTTER.

Middlesex.  December 8, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Buses, License. *Constitutional Law*, Interstate commerce. *Agency*, Criminal liability.

One, who on March 25, 1925, either as proprietor or employee, operated a motor bus for the purpose of transporting passengers for hire as a business between a fixed and regular terminus in Manchester in the State of New Hampshire and a like terminus in Boston in this Commonwealth, according to an established daily schedule, and passed through and stopped at a designated stopping place in Lowell for the purpose of taking on passengers to be carried to, or of discharging passengers being transported from, Boston, without first obtaining a license from the licensing authority of the city of Lowell under G. L. c. 159, §§ 45–47,

was guilty of a violation of those provisions and upon a complaint under § 45 properly might be convicted and sentenced.

In the circumstances above described, the fact that the defendant was operating a motor vehicle used in part for interstate commerce was no protection to him and did not relieve him from the obligation to obey the statute. Following *Barrows* v. *Farnum's Stage Lines, Inc.*, ante, 240, *Boston & Maine Railroad* v. *Cate*, ante, 248, and *Boston & Maine Railroad* v. *Hart*, ante, 253.

COMPLAINT, received and sworn to in the District Court of Lowell on April 3, 1925, charging a violation of G. L. c. 159, §§ 45–49.

On appeal to the Superior Court, the case was tried before *Brown*, J., upon an agreed statement of facts. Material facts are described in the opinion. A motion by the defendant that a verdict of not guilty be entered was denied. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*J. J. Hennessy*, for the defendant.

*A. K. Reading*, District Attorney, *& W. L. Bishop*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. This is a complaint under G. L. c. 159, § 45, wherein the defendant is charged with unlawfully operating upon a public way in Lowell an automobile for transporting passengers for hire as a business between fixed and regular termini without first obtaining a license therefor from the licensing authority of the city of Lowell. The case was submitted to the jury on an agreed statement of facts. It therein appears that the defendant was regularly employed as an operator of a motor vehicle by a corporation owning a number of motor vehicles, which it operated for the purpose of transporting passengers for hire as a business between a fixed and regular terminus in Manchester in the State of New Hampshire and a like terminus in Boston in this Commonwealth, according to an established daily schedule whereby eight trips each way are made between Boston and Lowell. Such motor vehicles pass through and stop at a designated stopping place in Lowell for the purpose of taking on and discharging passengers. The defendant on the date charged and as part of his employment operated one of said motor vehicles over a public way for the purpose of trans-

porting for hire passengers first taken on at Lowell and carried to Boston, and did actually so transport such passengers, whose journey as passengers began and ended in this Commonwealth. No license for the operation of the motor vehicle had been obtained from the licensing authority of Lowell either by the defendant or his employer as required by G. L. c. 159, §§ 45, 46, 47.

The acts of the defendant bring him plainly within the terms of the statute. By operating a motor vehicle under the circumstances shown in the agreed facts, he was doing exactly that which is denounced by G. L. c. 159, § 45. The penalty of G. L. c. 159, § 49, is imposed upon one doing the precise acts which he did. Of course it is no defence that he was employee of another. Both principals and agents are included within the sweeping terms of the statute. The factor that the defendant was operating a motor vehicle used in part for interstate commerce is no protection to him and does not relieve him from the obligation to obey the statute. So far as he engaged in the transportation of passengers whose journey began and ended within the territorial limits of the Commonwealth, he was amenable to the statute. The statute as matter of interpretation does not apply to operators of motor vehicles engaged solely and exclusively in interstate commerce. *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564, 575, 576. *Boston & Maine Railroad* v. *Hart, ante,* 253. But it applies to all who are engaged in local or domestic carriage; and it is of no consequence in this connection whether that local or domestic carriage is exclusive of all other business or is combined with interstate commerce in the same vehicles and by the same instrumentalities. The local transportation wholly within this Commonwealth is within the exclusive jurisdiction of this sovereignty and must be conducted in conformity to its laws. Congress has not undertaken to govern such local transportation when combined in the same vehicle with interstate commerce and questions which then might arise are not presented on this record.

The case at bar is governed in every material aspect by *Barrows* v. *Farnum's Stage Lines, Inc., ante,* 240, *Boston &*

*Maine Railroad* v. *Cate, ante,* 248, and *Boston & Maine Railroad* v. *Hart, supra,* all decided this day, and the cases therein cited and reviewed, where the whole subject is discussed at large. *Opinion of the Justices,* 251 Mass. 569, 606.

*Exceptions overruled.*