## HOLYOKE ST. RY. CO. v. INTERSTATE BUSSES CORPORATION et al.

## INTERSTATE BUSSES CORPORATION v. HOLYOKE ST. RY. CO. et al.

(District Court, D. Massachusetts. February 10, 1926.)

Nos. 2526, 2527.

Commerce ⬅️13—Bus company doing intrastate business not protected from complying with state bus statute, because having interstate lines.

Because a bus company operates interstate lines, it may not in Massachusetts, one of the states, do a purely intrastate business without complying with its statute for regulation of motor busses.

In Equity. Two suits, one by the Holyoke Street Railway Company against the Interstate Busses Corporation and others, and the other by the Interstate Busses Corporation against the Holyoke Street Railway Company and others. Decree for plaintiff in first suit; bill dismissed in second suit.

No. 2526:

Brooks, Kirby, Keedy & Brooks and David H. Keedy, all of Springfield, Mass., for plaintiff.

Edward H. Kelly, of Hartford, Conn., for defendant Interstate Busses Corporation.

No. 2527:

Edward H. Kelly, of Hartford, Conn., for plaintiff.

Brooks, Kirby, Keedy & Brooks and David H. Keedy, all of Springfield, Mass., and Joseph Wentworth, of Boston, Mass., for defendants.

Before ANDERSON, Circuit Judge, and PETERS and BREWSTER, District Judges.

PER CURIAM. These two cases have, by agreement, been heard together on agreed facts. They are, in effect, cross-suits, and involve a single issue—the constitutionality of the Massachusetts statutes regulating the operation of motor busses in Massachusetts highways. These statutes are stated, construed, and sustained by the full court of Massachusetts in Barrows v. Farnum's Stage Lines, 150 N. E. 206, January 5, 1926, and need not here be restated.

The Interstate Busses Corporation operates lines of busses between Hartford, Conn., and Greenfield, Mass. It contends that, because it is thus an interstate carrier, it may, in Massachusetts, do a purely intrastate business—that is, receive and deliver passengers as a local carrier—for instance, between Springfield and Greenfield, without complying with the provisions of the Massachusetts statute for the regulation of motor busses, above referred to. In No. 2527, it seeks an injunction against the enforcement of the Massachusetts statutes as construed by the Massachusetts court of last resort. A court of three judges has been constituted, under section 266 of the Judicial Code (Comp. St. § 1243), to hear this application.

No. 2526 is a suit originally brought in the superior court for Hampden county and removed to this court, in which a competing trolley line seeks to enforce the same statutes now attacked in No. 2527 as unconstitutional. Counsel agree that, unless the Massachusetts statutes are held unconstitutional, there must be a decree for the plaintiff in No. 2526, and that in No. 2527 the application for injunction must be denied, and the bill dismissed.

The constitutional question now raised was considered by the full court of Massachusetts in opinions written by the learned Chief Justice. Barrows et al. v. Farnum's Stage Lines, Inc. (1926) 150 N. E. 206; New York, New Haven & Hartford R. R. Co. v. Deister (1925) 148 N. E. 590; Boston & Maine R. R. Co. v. Cate (1926) 150 N. E. 210; Boston & Maine R. R. Co. v. Hart (1926) 150 N. E. 212; Commonwealth v. George P. Potter (1926) 150 N. E. 213.

Our views on the issue now raised accord with those expressed by the Massachusetts court.

Counsel for the Interstate Busses Corporation urge that the decisions of the Supreme Court in Western Union Tel. Co. v. Kansas, 30 S. Ct. 190, 216 U. S. 1, 54 L. Ed. 355, and Pullman Co. v. Kansas, 30 S. Ct. 232, 216 U. S. 56, 54 L. Ed. 378, were not cited in the opinions of the Massachusetts court, and should constrain us to hold that that court reached an erroneous conclusion as to the scope and effect of the commerce clause of the federal Constitution. But we find nothing in those decisions inconsistent with the conclusions reached by the full court of Massachusetts.

The result is that in No. 2526 there may be a decree for an injunction, with costs, and in No. 2527 the order must be: Application for injunction denied; bill dismissed, with costs.