NEW YORK CENTRAL RAILROAD COMPANY *vs.* THE CONLIN BUSS LINES, INC.

Suffolk.   November 30, 1926. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Motor Vehicle,* Motor buses. *Equity Jurisdiction,* To enjoin operation of buses in violation of statute, Contempt. *Equity Pleading and Practice,* Contempt proceedings. *Interstate Commerce.*

A railroad corporation, whose lines are parallel to the route of a corporation operating motor buses, and which has suffered substantial losses by reason of operation of the bus lines in intrastate traffic, may maintain a suit in equity to enjoin operation by the bus corporation of its buses through a certain town in this Commonwealth without a license from the town as required by G. L. c. 159, §§ 45–48 B; St. 1925, c. 280, § 2, where it appears that the corporation was not engaged in the carrying of passengers exclusively interstate.

Where, upon a petition that a bus corporation and its president be adjudged in contempt of court for violation of a decree in equity, it is averred in the petition and admitted in the answer that the alleged president was the president of the corporation and the person upon whom notice of the injunction was served; and, in answer to an averment in the petition that the president was "the officer in charge" of the business of the corporation, the answer merely denies that he was "the officer in complete charge of the defendant's business"; and in answer to allegations in the petition that the defendant and its president were operating its buses in violation of the terms of the injunction, the answer sets out in detail what the defendant was doing but does not deny that whatever was done was by direction of its president; and, upon a hearing of the petition upon agreed facts and oral testimony which was not reported, the judge, without a finding of facts with respect to the responsibility of the president for the acts of the corporation, adjudges both the president and the corporation in contempt, and reports the case to this court for determination, such findings and rulings will not be set aside.

BILL IN EQUITY, filed in Superior Court on August 8, 1925, seeking a temporary injunction "restraining the defendant, its agents, servants and employees and all persons operating any motor vehicle for or in its behalf from operating any motor vehicle on any public way for the carriage of passengers for hire as a business between said Worcester and Springfield, and/or intermediate points unless and until the

defendant shall have obtained a valid license therefor from the city council of every city and the selectmen of every town in or through which such motor vehicle is operated, and said certificate from the department of public utilities, and said permit from the division of highways," and that the temporary injunction be made permanent.

By order of *Hammond*, J., an interlocutory decree was entered on August 24, 1925, reciting that, it appearing by agreement of counsel in open court that the defendant was operating buses for the transportation of passengers for hire within and through the town of Palmer without the license from that town required by G. L. c. 159, §§ 45–48B; St. 1925, c. 280, § 2, it was ordered, adjudged, and decreed that the defendant, "its officers, agents, and servants be and hereby are enjoined from operating buses for the transportation of passengers for hire and from carrying passengers therein within or through the town of Palmer until further order of the court."

On October 6, 1925, a petition was filed praying that Thomas F. Conlin, president of the defendant and "the officer in charge of its business," and the defendant be attached for contempt.

The bill and the petition were heard together upon their merits by *Lawton*, J., "on an agreed statement of facts and oral testimony." The oral testimony was not reported. The judge ordered a final decree "substantially in the form of the temporary injunction, and adjudged that Conlin and the defendant corporation were in contempt. There was no specific finding by the judge as to the responsibility of the respondent Conlin for the acts of the corporation, the ruling as to the petition for contempt being merely "on the petition for attachment for contempt, the respondents are adjudged to be in contempt and the case is continued for sentence."

The judge reported the case to this court for determination.

*F. P. Ryan, H. P. Scannell, & S. Perman,* for the defendant, submitted a brief.

*L. Kofsky,* for the plaintiff.

RUGG, C.J. The plaintiff is a duly organized corporation, operating a railroad between Worcester and Springfield in

this Commonwealth and having a large capital invested therein; the defendant, a corporation operating motor buses on public highways for the carriage of passengers. A temporary injunction was issued on August 24, 1925, restraining the defendant from operating buses for the transportation of passengers for hire within and through the town of Palmer without any license as required by G. L. c. 159, §§ 45–48 B, St. 1925, c. 280, § 2. On September 5, 1925, and thereafter, the defendant operated buses for the carriage of passengers for hire on a regular schedule between Worcester and Springfield, passing through Palmer and Monson. At the trial the defendant contended and the plaintiff disputed that all its buses were operated to points in the State of Connecticut. The defendant has no license from the selectmen of Palmer or from the selectmen of Monson. It has no certificate of public necessity and convenience from the department of public utilities to operate buses between Worcester and Springfield through Palmer. It has filed no bond with the town of Palmer or the town of Monson. It has proper licenses and certificate to operate buses between Worcester and the Palmer line. The route of the defendant's buses in general is parallel with the line of the plaintiff's railroad. The defendant competes with the plaintiff for passenger traffic and has caused it loss of substantial revenue. The trial court was unable to find "how many, if any, of the buses" of the defendant make continuous trips from Worcester through to any part of the State of Connecticut, or what proportion of passengers make such through trip, but found that the great bulk of the carriage is intrastate. He decided that the facts did not "require or warrant a finding that the defendant 'is engaged in the carrying of passengers for hire interstate,'" and was fully satisfied that the defendant was not engaged in the carriage of passengers exclusively interstate.

The plaintiff is entitled to prevail. The findings all appear to have been justified and the order as to final decree was right. They were in conformity to the law and the statutes. The order for permanent injunction was not more broad than required by the facts. The governing principles

of law have been amplified in recent decisions and need not be restated. *New York, New Haven & Hartford Railroad* v. *Deister,* 253 Mass. 178. *Barrows* v. *Farnum's Stage Lines, Inc.* 254 Mass. 240. *Boston & Maine Railroad* v. *Cate,* 254 Mass. 248. *Boston & Maine Railroad* v. *Hart,* 254 Mass. 253. *Commonwealth* v. *Potter,* 254 Mass. 271. These adjudications demonstrate that there is no unwarrantable interference with interstate commerce in the controlling statutes and in the decree ordered. *Interstate Busses Corp.* v. *Holyoke Street Railway,* 273 U. S. 45.

The preliminary injunction was issued on August 24, 1925, and the operation of the buses was resumed on September 5, 1925, and continued thereafter. The defendant corporation rightly was adjudged to be in contempt. The petition for attachment for contempt alleged that the defendant Conlin was the president of the defendant corporation and the person upon whom the notice for temporary injunction was served. These allegations were admitted by the answer. It was further alleged that Conlin was "the officer in charge" of the business of the defendant. As to this allegation the answer merely denied that he was "the officer in complete charge of the defendant's business." This petition also alleged that "the defendant and its president, Thomas F. Conlin," were operating its buses in violation of the terms of the injunction. The answer to this paragraph set out in detail what the defendant corporation was doing, but did not deny that whatever was done was by direction of its president. The adjudication that he was in contempt was warranted.

*Findings and orders to stand.*