RICHARD GEEGAN v. THE FERNDALE DAIRY, INC., ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 76650

Memorandum filed October 16, 1946.

*Cornelius D. Shea* and *William J. Wholean,* of Hartford, for the Plaintiff.

*Halloran, Sage & Phelon* and *Rourke & Hanrahan,* of Hartford, for the Defendants.

CORNELL, J. The complaint alleges that plaintiff was injured when a tractor truck of which he was an "occupant" was so negligently operated as to cause him to be thrown from it to the ground. The vehicle in question, it is asserted, was the property of defendant, The Ferndale Dairy, Inc., and was "then and there operated by the defendant Harold A. Hetu." What relationship the last mentioned defendant sustained to the other as the owner of the truck is not alleged. To these allegations the defendant, The Ferndale Dairy, Inc., demurs because of lack of allegation in the complaint to show any legal responsibility on its part for the conduct of the defendant driver.

The fact that a person is injured by the negligent operation of a motor vehicle driven by one other than the owner thereof does not in itself impute liability to the owner. *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 655. To impose liability on the owner under such circumstances, it must be established that the driver was the owner's servant and agent and at

the time of the accident was acting within the scope of his authority; *Matulis* v. *Gans,* 107 Conn. 562, 566; or sustained some other relation toward him by virtue of which the law visits liability upon such owner. A familiar example of the latter occurs when the vehicle is what is known as a family car. *Durso* v. *A. D. Cozzolino, Inc.,* 128 Conn. 24, 26. Where ordinary agency is relied upon, it is necessary to allege it; *Shea* v. *Hemming,* 97 Conn. 149, 151; as it is in the instance of any tort. *Wells* v. *Active Automobile Exchange, Inc.,* 99 Conn. 523. When the family car doctrine is sought to be invoked, the complaint must fairly apprize the defendant that recovery on that ground is claimed. *Baker* v. *Paradiso,* 117 Conn. 539, 543.

The provisions of General Statutes, Cum. Sup. 1935, § 1661c, do not dispense with this requirement, despite language contained in it which on casual reading might otherwise indicate; viz., "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of such motor vehicle, the operator, if he be other than the owner of such motor vehicle, shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and defendant shall have the burden of rebutting such presumption." This section, like the presumption described in General Statute, Cum. Sup. 1931, § 600a, does not affect substantive rights and relates ". . . to a detail of procedure, merely." *Baker* v. *Paradiso,* supra, 545. *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn., 459, 463. Since the enactment of § 1661c, as it was before, it is essential to the statement of a cause of action against the owner of a car that the fact of the agency of its operator, when it is relied upon, be pleaded. *Leitzes* v. *F. L. Caulkins Auto Co.,* supra, 464.

The demurrer is sustained.