236 S.W.2d 40 (1951)
In re HARTLE'S ESTATE.
WRIGHT et al.
v.
HARTLE.
No. 27981.
St. Louis Court of Appeals, Missouri.
January 16, 1951.
J. Grant Frye, Cape Girardeau, for appellants.
R. P. Smith, Cape Girardeau, for respondent.
BENNICK, Judge.
This is an appeal from the decision of the Cape Girardeau Court of Common Pleas disallowing a claim against the estate of Glyn W. Hartle, deceased.
The claimants are Cressie Wright, a former wife of the deceased, and John Wright, her present husband. The claim, which was for the sum of $6,650, was for the reasonable value of necessaries furnished by claimants to a minor child, Glenna Faye Hartle, who had been born of the marriage of Cressie Wright and the deceased.
It appears that the child was born on January 21, 1936, which means that she is now approximately fifteen years of age.
On April 29, 1937, the deceased was granted a divorce, but with custody of the *41 minor child awarded to the mother. However there was no provision in the decree requiring the deceased to make any payments for the maintenance of the child, and it was an admitted fact that from and after the entry of the decree he had contributed nothing for the child's support. On the contrary, since the marriage of the mother to John Wright on September 27, 1940, the child had been a member of the Wright household, and had been exclusively maintained and supported by Cressie Wright and John Wright until the death of the deceased on May 27, 1949.
At the opening of the trial there was a discussion between court and counsel as to whether all or any part of the claim was barred by limitation of time. While there was no specific ruling made, it would seem to have been assumed that the five-year statute would apply.
Claimants called the child herself as their first witness and had her testify as to the nature and extent of the support that had been furnished her. Suffice it to say that her evidence tended to show that she had been provided for by claimants in a manner commensurate with her station in life in the community in which she lived.
For their next witness claimants called a Mrs. Hermina Kilhafner, who resided in the same community as claimants and the child. She too gave testimony that the child had at all times been adequately maintained.
Following this the witness was asked to give her opinion as to the reasonable value of the support which had been furnished the child during the period in question, and she gave an estimate of $75 a month, which was apparently based upon what she regarded as her experience with her own family. It was developed, however, that the total income of her family had actually been insufficient to have permitted expenditures in any such amount.
At the close of all the evidence the executrix filed a motion to dismiss upon the ground that the evidence was wholly insufficient to support an allowance. After taking the case under advisement, the court sustained the motion and entered judgment of dismissal. Claimants thereupon filed their motion for a new trial; and when the same was not ruled upon within ninety days, they gave notice of appeal, and by proper successive steps have caused the case to be transferred to this court for our review.
Since there was no dispute about the fact that claimants had supported the child during the period in question, it seems to be conceded that the court denied the claim upon the ground of what it conceived to be the insufficiency of the evidence upon the question of the reasonable value of the support that had been provided. In other words, the court apparently assumed that evidence of value was essential if claimants were to recover, but having regarded Mrs. Kilhafner's testimony as so contradictory within itself as to have destroyed its probative force upon the question of value, concluded for that reason that it had no recourse but to disallow the claim.
It may be conceded that when Mrs. Kilhafner was subjected to cross-examination, the foundation for her opinion was destroyed for all practical purposes. If her own family income had been insufficient to permit an average expenditure of $75 a month for the support of each of her own children, and if her estimate of cost had been largely based upon her experience with her own family, then obviously the opinion she expressed could have carried no weight in determining the amount to which claimants were entitled.
The question therefore resolves itself into one of whether, in this character of case, evidence of value is in all events essential in order to warrant a recovery.
While evidence of reasonable value is ordinarily essential to recovery in a proceeding of this sort, yet there is a well-defined exception in cases where the value of the things furnished is a matter of common knowledge. In such an instance, when all the facts and circumstances are in evidence with respect to the character and extent of the things supplied, the trial court or the jury as the case may be may determine the question of value from its own knowledge without the aid of opinion *42 evidence. Tuttle v. Brayton, Mo.App., 215 S.W.2d 46; 71 C.J. 147.
There is no reason why the case at bar should not fall squarely within the exception. The evidence had shown sufficiently enough the manner in which claimants had maintained the child. The reasonable value of such support was a matter within the common experience of people generally, and the court itself was as well qualified to estimate the cost as Mrs. Kilhafner or any other witness. There was no necessity for the introduction of opinion evidence upon the question of value, and the court should have reached its own conclusion from the facts before it without regard to any lack of probative force in Mrs. Kilhafner's testimony.
The judgment rendered by the Cape Girardeau Court of Common Pleas should be reversed and the cause remanded; and it is so ordered.
ANDERSON, P. J., and McCULLEN, J., concur.