WILLIAM P. LEIGH *v.* RALPH G. SMITH

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued December 4, 1951—decided January 29, 1952

*David C. Gordon* and *Franklin Coeller,* for the appellant (plaintiff).

*Morris Tyler,* with whom was *Thomas G. Meeker,* for the appellee (defendant).

O'SULLIVAN, J.   The plaintiff brought this action to recover damages claimed to have been occasioned by the defendant's breach of an alleged agreement to purchase thirty-nine shares of stock.   The court rendered judgment for the defendant and the plaintiff has appealed.

The finding is not subject to correction.   The basic facts are as follows:   Late in 1947 or early in 1948, the plaintiff became treasurer of the Durable Wire Company, Inc., of Clintonville.   He turned over to the corporation $2000 and machinery worth $900, for which he received thirty-nine shares of the common stock. The defendant became president of the concern and owner, with his wife, of ninety-two shares of the common stock.

Shortly before September, 1948, a disagreement over matters of corporate policy arose between the parties. Later, the plaintiff stated that, since they were at odds, the defendant ought to buy his stock for $3900 on condition that the plaintiff resign as treasurer.   The defendant intimated that he would agree to this but added that he would rather settle the matter at the approaching annual meeting, set for October 2, 1948. On that date the plaintiff resigned as treasurer.   After the meeting, the plaintiff offered to sell his stock for either $3900 in cash or $3000 in cash plus the machinery which he had turned over to the company when he became a stockholder.   The defendant again postponed making any decision.   Subsequently, the plaintiff asked the defendant during a conference what he would give for the stock.   The defendant replied that he would give $1000.   The offer was refused.   The plaintiff then sold his stock to a third party for $2500 and brought this action to recover the difference between that amount and $3900, the amount which, the plaintiff claimed, the defendant had agreed to pay.

The court reached these conclusions: First, the negotiations between the parties did not ripen into a contract; and secondly, on the assumption that they had, the contract was unenforceable by virtue of the Statute of Frauds. General Statutes § 8294. Since the former finds ample support in the subordinate facts, it will be unnecessary to examine the merit of the latter.

The court found that the defendant had not accepted any offer submitted to him. To create a contract, acceptance must be unequivocal. 1 Williston, Contracts (Rev. Ed.) § 72; Restatement, 1 Contracts § 58. "Where terms for changing the legal relations between two parties are offered by one party to another, those terms must be explicitly, fully and unconditionally accepted, to effect such change of relations and constitute a binding contract." *Woodbridge Ice Co.* v. *Semon Ice Cream Corporation,* 81 Conn. 479, 487, 71 A. 577. The question before the trier was whether the plaintiff had made a valid offer to sell which the defendant had accepted within the above rule. Ibid.; *Shulman* v. *Hartford Public Library,* 119 Conn. 428, 433, 177 A. 269. It was a question of fact. *Molloy* v. *Rourke,* 83 Conn. 196, 199, 76 A. 517. Since the finding cannot be corrected and since the subordinate facts support the conclusion that the defendant did not accept the plaintiff's offer, the court is sustained.

There is no error.

In this opinion the other judges concurred.