GUARANTY BANK AND TRUST COMPANY *v.*
CONNECTICUT REAL ESTATE COMMISSION
(11748)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued January 6—decision released March 13, 1984

*Timothy O. Fanning,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (defendant).

*Samuel B. Feldman,* with whom, on the brief, was *John E. Franckling,* for the appellee (plaintiff).

PARSKEY, J. This case involves a claim for reimbursement out of the Connecticut Real Estate Guaranty Fund. The plaintiff obtained a judgment against Charles J. Coniam, a real estate broker. Thereafter, it filed against the defendant commission a verified claim in which it alleged that the foregoing judgment was based on fraud committed by Coniam in a check-kiting scheme while he was a duly licensed real estate broker and while he was engaged in the business of buying, selling and managing real estate and that the judgment was unsatisfied and uncollectible. The commission filed an answer and a number of special defenses in which it challenged both the fact and the extent of the compensability of the judgment against Coniam from the Guaranty Fund. In response the plaintiff asserted that having failed to raise these defenses in the plenary action the commission was estopped, on principles of res judicata and collateral estoppel, from raising such defenses in the secondary action. The trial court, *Hale, J.,* concluded that having failed to raise in the original action the defense that Coniam's actions did not come within the purview of the Guaranty Fund statute, the commission was barred from asserting this defense in the secondary action. It thereupon ordered that the plaintiff be paid the sum of $16,839.80 from the Real Estate Guaranty Fund. We find error.

In *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 455 A.2d 833 (1983), we considered the substantive and procedural aspects of the Real Estate Guaranty Fund statute, General Statutes § 20-324a et seq. We there held that the statute contemplated two separate proceedings, a plenary action resulting in a valid money judgment against the agent and a secondary proceeding for the purpose of collecting from

the fund any unpaid amount of the judgment in the plenary action; id., 167; that the plenary action establishes the fact and amount of the agent's liability; id., 174; while questions concerning whether the activities of the agent came within the purview of the statute are appropriately considered in the secondary proceeding. Id., 175.

The plaintiff and the commission stipulated to the following facts: Between May 4 and May 16, 1979, Charles J. Coniam deposited ten checks totalling $54,000 in his "general fund" account with the plaintiff bank. Eight of the checks were drawn on Coniam's account in the Manchester State Bank. After initiating collection proceedings against Manchester State Bank, the plaintiff bank was notified by the Manchester State Bank that there were insufficient funds in Coniam's account to cover the eight presented checks.

The plaintiff brought suit against Coniam and notified the commission, pursuant to § 20-324e (a), that if it obtained a judgment against Coniam which was not satisfied it intended to proceed against the Real Estate Guaranty Fund. Pursuant to § 20-324g the commission entered an appearance in the name of and in behalf of Coniam.

After a trial of the action, the court, *O'Neill, J.,* found that Coniam knowingly and fraudulently overdrew his account in a "classic check-kiting scheme." It further found that each overdraft was an individual transaction. It awarded judgment in favor of the plaintiff in the amount of $21,939.80 and concluded that the commission would be liable to the plaintiff in the amount of $16,839.80,[1] if the judgment against Coniam went unsatisfied.

---

[1] The court found that of Coniam's total liability, $5100 arose out of a nonfraudulent promise to pay and therefore reduced the amount of the judgment accordingly. See General Statutes § 20-324e (b).

The plaintiff was unable to collect on the judgment against Coniam after making reasonable efforts to do so. It, therefore, filed a verified claim in the Superior Court, pursuant to § 20-324e (b), seeking an order directing payment of $16,839.80 out of the fund. The verified claim alleged the facts recited above and further alleged that the fraud found in the judgment involved actions taken by Coniam while he was a duly licensed real estate broker engaged in the business of buying, selling and managing real estate. The commission filed an answer in which it admitted the facts and denied the remaining allegations. It also filed a number of defenses in which it claimed that (1) any reference to the commission in the judgment was invalid inasmuch as the commission was not a party in the plenary action; (2) Coniam's activities involved a single transaction thus limiting the plaintiff's recovery to the sum of $10,000; and (3) there are no facts appearing in the judgment showing that Coniam's transactions or actions come within the purview of the Real Estate Guaranty Fund statute.

The trial court erred in ruling that the commission was obligated to raise any and all defenses in the plenary action. We considered this proposition and held to the contrary in *D'Occhio* v. *Connecticut Real Estate Commission,* supra, 175. In the secondary action against the fund the court should appropriately consider such factual issues as the status of the agent and the reason for the loss. It should also consider whether the claim exceeds the statutory limit of $10,000 "for any one transaction." General Statutes § 20-324a.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.