### IN RE LEA T. ET AL.*
### (6163)

DUPONT, C. J., BORDEN and SPALLONE, JS.

Argued April 5—decision released August 16, 1988

*Judith Dixon,* with whom, on the brief, was *Marcia Tannenbaum,* legal intern, for the appellant (respondent father).

*Linda Pearce Prestley,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellee (petitioner).

*Paul R. Whalen,* for the minor children.

SPALLONE, J. The respondent father appeals from the judgment of the trial court terminating his parental rights. The respondent's sole claim on appeal is that

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

the trial court erred in finding, by clear and convincing evidence, that the respondent had failed to rehabilitate himself under the standards set forth in General Statutes § 17-43a (b) (2).[1] We find no error.

The following facts, as found by the trial court, are relevant to this appeal. The respondent is the acknowledged father of two minor children, a daughter born on September 7, 1981, and a second daughter born on May 23, 1983. The respondent never married the children's mother and discontinued his live-in relationship with her soon after the birth of his second daughter in 1983. The two girls were placed in foster care in early October, 1984, and were adjudicated uncared-for on December 20, 1984. The respondent was not a member of the household at the time of this adjudication, but was sent administrative review notices by the petitioner, the department of children and youth services (DCYS). On August 2, 1985, the petitioner filed petitions to terminate the parental rights of both the mother and the respondent.

A full trial was held before the court on various dates in January and February, 1987. By memorandum of decision issued June 2, 1987, the court found that the petitioner had established, by clear and convincing evidence, grounds for the termination of parental rights in the children, and thereby ordered that such rights be terminated. Only the respondent father has appealed from the court's judgment.

---

[1] General Statutes § 17-43a (b) provides in pertinent part: "The superior court upon hearing and notice, as provided in sections 45-61d and 45-61f, may grant such petition if it finds, upon clear and convincing evidence, that the termination is in the best interest of the child and that . . . (2) the parents of a child who has been found by the superior court to have been neglected or uncared for in a prior proceeding have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, they could assume a responsible position in the life of the child . . . ."

The respondent claims error in the court's finding, by clear and convincing evidence, that the statutory criteria for the termination of parental rights had been met. See footnote 1, supra. We are unable to consider this claim on its merits due to the respondent's failure to provide us with an adequate appellate record.

Although seven witnesses testified in the trial court, the respondent has provided us with the transcribed testimony of only three witnesses.[2] The trial court stated in its memorandum of decision that ample testimony had been introduced through the seven witnesses to support its conclusion that the "clear and convincing evidence" standard was satisfied. The court specifically identified each witness and included brief summaries of the contents of each witness' testimony which provided support for its decision. We cannot review a claim of insufficient evidence where, as here, we have not been afforded the opportunity to review fully *all* of the evidence which was before the trial court. "[T]he validity of any claim that the trial court's decision is not supported by the evidence may be tested *only by reference to the record together with the transcripts and exhibits filed in the case;* see *Morningside Assn.* v. *Morningside Development, Inc.,* 172 Conn. 60, 63, 372 A.2d 141 (1976)." (Emphasis added.) *McGaffin* v. *Roberts,* 193 Conn. 393, 409, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985). " 'It is the responsibility of the appellant to provide us with an appellate record that adequately supports his claim of error. Practice Book § [4061].' " (Citations omitted.) *Taylor* v. *American Thread Co.,* 200 Conn. 108, 110–11, 509 A.2d 512

---

[2] The most harmful of the respondent's omissions is his failure to provide us with the testimony of the children's foster mother upon which the trial court relied heavily in its decision that termination of the respondent's parental rights was in the best interest of the children.

(1986), quoted in *Commissioner* v. *Youth Challenge of Greater Hartford, Inc.,* 206 Conn. 316, 322, 537 A.2d 480 (1988).

A claim of error cannot be predicated on an assumption that the trial court acted incorrectly. *Long* v. *Loughlin,* 171 Conn. 291, 292–93, 370 A.2d 925 (1976). Rather, we must assume that, absent evidence to the contrary, the trial court acted properly. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979).

There is no error.

In this opinion the other judges concurred.