CAPITAL CONSULTING GROUP, LTD. *v.*
PIERRE ROCHMAN ET AL.
(14074)

SHEA, GLASS, COVELLO, HULL and BORDEN, Js.

Argued January 18—decision released April 23, 1991

*Stephen D. Wipperman,* for the appellant (defendant Argus Laundries, Inc.).

*Steven W. Varney,* with whom, on the brief, was *Nancy M. Kostal,* for the appellee (plaintiff).

HULL, J. The sole issue in this appeal is whether the trial court properly determined that an action brought by the plaintiff, Capital Consulting Group, Ltd.,[1] to recover a brokerage commission from the defendant Argus Laundries, Inc.,[2] was not barred by General Statutes § 20-325a (a).[3] We affirm.

---

[1] During the time in question, the plaintiff, represented by its president, Thomas Monaghan, and his partner, David Kania, was doing business as Connecticut Business Exchange.

[2] Pierre Rochman, the president of Argus Laundries, Inc. (Argus), who represented Argus in its dealings with the plaintiff, was the named defendant in the plaintiff's action to recover a commission. Because the trial court rejected the plaintiff's claims of personal liability on the part of Rochman and because Argus is the sole appellant in this appeal, our reference herein to "the defendant" is to Argus, while Rochman is referred to by name.

[3] General Statutes § 20-325a (a) provides: "No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery

The material facts are as follows. The plaintiff is a professional business broker and is not licensed as a real estate broker in Connecticut. The defendant is a corporation engaged in the laundry and dry cleaning business in various locations throughout the Danbury area. On April 7, 1986, the plaintiff and the defendant executed an exclusive right of sale agreement, pursuant to which the plaintiff agreed to use its efforts to secure a buyer for the defendant's business, "including furniture, fixtures, machinery, equipment, trade name and good will." In exchange, the defendant granted the plaintiff, for a period of six months, "the exclusive right and authority to sell, lease, trade or otherwise dispose" of the business, according to specified terms.[4] The agreement further specified that, in exchange for finding a buyer, the defendant would pay the plaintiff a commission of 10 percent of the sale price or $50,000, whichever was greater.

In its efforts to secure a buyer for the business, the plaintiff prepared a valuation on the basis of the gross annual sales of the business. The plaintiff also prepared a detailed brochure, known as the book, that described the business, its operations, locations, leases and facilities. Although the book mentioned the leases, the defendant had expressly forbidden the plaintiff's negotiation of the leases and had advised the plaintiff to refrain from discussing the leases, in order to conceal the proposed sale of the business from the lessors.

is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter."

[4] The plaintiff was authorized to sell the business for $750,000. The defendant would require $250,000 cash as a down payment and the $500,000 balance would be secured by a fifteen year promissory note at 11 percent interest.

Thereafter, the plaintiff presented to the defendant a ready, willing and able buyer, Andrew Sohn, who eventually purchased the defendant's stock and a portion of the defendant's business assets at a price of $650,000.

The plaintiff instituted the present action, claiming, inter alia, that the defendant had wrongfully withheld a $65,000 commission owed to the plaintiff following the sale to Sohn.[5] The defendant denied the claim, arguing, inter alia, that because the plaintiff was not licensed as a real estate broker, pursuant to General Statutes (Rev. to 1985) § 20-312,[6] the plaintiff's action to recover a commission was barred by § 20-325a (a).[7] Having determined that, in procuring a buyer for the business, the plaintiff had not engaged in a real estate transaction and that, therefore, the plaintiff had not acted as a real estate broker within the meaning of the licensing statute; General Statutes (Rev. to 1985) § 20-312; see also General Statutes § 20-311 (1) (defining real estate broker);[8] the trial court rejected

---

[5] The plaintiff's amended complaint set forth two counts of each of the following, one naming the defendant and the other naming Rochman, for a total of ten counts: (1) breach of contract; (2) wrongful withholding of a commission; (3) fraud; (4) unjust enrichment; and (5) violation of the Connecticut Unfair Trade Practices Act. General Statutes § 42-110a et seq. During trial, the plaintiff withdrew the fraud counts.

[6] General Statutes (Rev. to 1985) § 20-312 provides in pertinent part: "No person shall act as a real estate broker or real estate salesman without a license issued by the commission, unless exempted by the provisions of this chapter."

[7] By way of special defenses, the defendant and Rochman argued that: (1) the claims under the Connecticut Unfair Trade Practices Act were barred by the statute of limitations; (2) the plaintiff had rescinded the exclusive right of sale agreement; (3) the plaintiff had misrepresented certain facts; (4) the action was barred by General Statutes § 20-325a (a); (5) the exclusive right of sale agreement was invalid; and (6) because he had acted in a representative capacity, Rochman was not personally liable. They also filed a counterclaim, alleging that the plaintiff had misrepresented certain facts and thereby violated the terms of the sale agreement.

[8] General Statutes § 20-311 (1) provides in pertinent part: " 'Real estate broker' means any person, partnership, association or corporation which,

§ 20-325a (a) as a defense and rendered judgment, in part, for the plaintiff, in the amount of $65,000.[9] The defendant appealed to the Appellate Court and we subsequently transferred the appeal to this court pursuant to Practice Book § 4023.

The defendant claims that because the proposed sale of the business contemplated the continuation of the business' leases, the trial court should have determined that the plaintiff, in attempting to initiate the sale, had acted as a real estate broker without a license, in violation of § 20-312, and that, therefore, the action to recover a commission was barred by § 20-325a (a).[10] We disagree.

The trial court determined, as a matter of fact, that the services for which the plaintiff sought a commission did not involve a real estate transaction and that,

for another and for a fee, commission or other valuable consideration, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of, an estate or interest in real estate . . . ."

[9] The trial court rejected the five counts of the complaint alleging liability on the part of Rochman, finding that the plaintiff had failed to establish personal liability on his part. The trial court also determined that the plaintiff had failed to sustain its burden of proof on the counts alleging unjust enrichment and violation of the Connecticut Unfair Trade Practices Act, and that the defendant had failed to sustain its burden of proof with respect to the counterclaim. Judgment was rendered for the plaintiff on the count of the complaint alleging wrongful withholding of a brokerage commission, and on the counterclaim.

[10] The defendant, in its brief, asserts that the plaintiff was "engaging in the real estate business" without a license in violation of General Statutes (Rev. to 1985) § 20-312. Because § 20-312 prohibits "act[ing] as a real estate broker or real estate salesman without a license," and nowhere mentions "engaging in the real estate business"; compare General Statutes § 20-313 (person "who desires to engage in the real estate business" shall apply to the real estate commission for specific license desired); and because it is undisputed that the plaintiff's brokerage activities form the basis for the defendant's claim, we presume that "act[ing] as a real estate broker . . . without a license" is the substance of the defendant's claim.

therefore, the plaintiff did not act as a real estate broker within the meaning of § 20-312. See *LaMalfa* v. *Higgins,* 38 Conn. Sup. 509, 513, 452 A.2d 320 (1982); see also *Guaranty Bank & Trust Co.* v. *Connecticut Real Estate Commission,* 192 Conn. 439, 442, 471 A.2d 1389 (1984); *Kingsley* v. *Sadi International Co.,* 5 Conn. App. 76, 78, 496 A.2d 986 (1985). "Under familiar principles of appellate review, a trial court's factual finding will not be reversed or modified unless it is 'clearly erroneous in view of the evidence and pleadings in the whole record.' Practice Book § 4061; *Gorra Realty, Inc.* v. *Jetmore,* 200 Conn. 151, 159–60, 510 A.2d 440 (1986); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *DiBella* v. *Widlitz,* 207 Conn. 194, 198, 541 A.2d 91 (1988). "The issue is not whether the trial court could have reached a different conclusion but whether the conclusion which it did reach is clearly erroneous." *Dooley* v. *Leo,* 184 Conn. 583, 588, 440 A.2d 236 (1981); see also *Lupien* v. *Lupien,* 192 Conn. 443, 446, 472 A.2d 18 (1984); *Salvio* v. *Salvio,* 186 Conn. 311, 326–27, 441 A.2d 190 (1982). Because these factual findings provide firm support for the trial court's judgment, in order to succeed on its claim, the defendant must show that these findings were clearly erroneous. This the defendant has failed to do.

The defendant cites cases in which courts have concluded that evidence that the sale of a business involves some element of real property, no matter how insignificant, is sufficient to sustain a finding that the sale involves an interest in real estate. See *Marina Management Corporation* v. *Brewer,* 572 F.2d 43, 46–47 (2d Cir.), cert. denied, 439 U.S. 829, 99 S. Ct. 104, 58 L. Ed. 2d 123 (1978) (sale of physical assets of marina included sale of land); *T.R. Preston Co.* v. *Pasay,* Superior Court, judicial district of Windham, Docket No.

CV-84-0028111-S (January 23, 1985) (11 Connecticut Law Tribune, No. 31, p. 10, August 5, 1985) (contract for sale of package store business involved an interest in real estate, i.e., right of purchaser to continue to operate business on defendants' real estate); *Salvatore* v. *Pray,* Superior Court, judicial district of Stamford-Norwalk, Docket No. 0041220 (January 27, 1981) (7 Connecticut Law Tribune, No. 23, p. 16, June 8, 1981) (sale of used automobile franchise included sale of land on which located). These cases are inapposite, however, because in the present case the trial court found that no element of real estate was involved in the transaction that the plaintiff sought to initiate. This finding is overwhelmingly supported by the evidence.

In rendering its decision, the trial court considered the following evidence to be persuasive: There were no references to leases in the right of sale agreement and where the agreement referred to the defendant's "business," separate business locations were not specified. It was undisputed that the plaintiff had been expressly instructed by the defendant that it was not to negotiate the leases and that the defendant would handle the leases. Although the book prepared by the plaintiff mentioned the leases, the references were merely descriptive and, therefore, this document was not inconsistent with the defendant's instructions. The plaintiff had proposed that the appraised value of the business, which was the basis for determining the asking price, be calculated on the basis of gross annual sales rather than on the value of the business' assets, a proposal that was not challenged by the defendant as unreasonable or inconsistent with the nature of the sale. Finally, there was credible evidence that the leases were not discussed when the plaintiff presented the proposed sale involving Sohn to the defendant.

The defendant's claim is a patent but necessarily futile attempt to retry the facts. The defendant has

failed to establish that, in light of the evidence, the factual findings of the trial court are clearly erroneous and that, as a result, the trial court's judgment was unsupported by the facts found and legally or logically incorrect. See *Zachs* v. *Groppo,* 207 Conn. 683, 689, 542 A.2d 1145 (1988); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra. We conclude, therefore, that the trial court properly rejected § 20-325a (a) as a defense and rendered judgment for the plaintiff in its action to recover a brokerage commission.

The judgment is affirmed.

In this opinion the other justices concurred.