RICHARD PLEINES ET AL. *v.* THE FRANKLIN
CONSTRUCTION COMPANY, INC., ET AL.
(11388)

O'CONNELL, LANDAU and SCHALLER, Js.

Argued January 7—decision released March 16, 1993

---

*Joseph F. McVerry,* for the appellants (defendants).

*Bruce A. Fontanella,* with whom, on the brief, was *Marc A. Brugg,* law student intern, for the appellees (plaintiffs).

E. Y. O'CONNELL, J. The defendants[1] appeal from a judgment of foreclosure by sale of a mechanic's lien. The defendants claim that the trial court's conclusion that the defendants owed the plaintiff $11,640 and its award of $12,787 in attorney's fees was not supported by the evidence. We affirm the judgment of the trial court.

The record discloses the following evidence in support of the judgment. The plaintiff[2] is a stone and brick mason who performed work for the defendant, The Franklin Construction Co., Inc. (Franklin), on premises of the defendant Saybrook Point Marina Partnership in Old Saybrook. He dealt with the defendant, Steven Tagliatela, a general partner, and Jim McCar-

---

[1] The defendants are The Franklin Construction Co., Inc., a Connecticut corporation, Saybrook Point Marina Partnership, a Connecticut partnership and its general partners Louis F. Tagliatela, Jr., Steven Tagliatela and Patricia Tagliatela. The defendant, Stephen Tagliatela, is the vice president of The Franklin Construction Co., Inc.

[2] The plaintiffs are Richard Pleines and his wife Beth Pleines, who were doing business as Stone and Brick. Because only Richard Pleines furnished any substantial services on the job, we refer to him as the plaintiff.

thy, Franklin's superintendent on the job. When the plaintiff was not paid upon the completion of his work, he filed a mechanic's lien on real property owned by Saybrook Point Marina Partnership to secure $13,640 he claimed was due for the construction of a brick patio. He brought the present action seeking foreclosure of the lien and damages.

The trial court, *Higgins, J.,* heard evidence that early in July, 1989, the plaintiff quoted a price of $4.50 per square foot to build the patio. Tagliatela objected that the price was too high and did not award the job to the plaintiff at that time. On July 14, 1989, construction of the patio was again discussed. Although apparently no price was determined, Tagliatela requested that the plaintiff commence work immediately, rather than waiting two weeks for another mason to become available. Notwithstanding the lack of a price agreement, the plaintiff reduced his price to $2.50 per square foot after learning that another mason was offering to do the work at that lower rate. In accordance with the plaintiff's practice of obtaining a down payment of one-half the total price of a job before starting work, he submitted an invoice to the defendants, calculated at $2.50 per square foot times one-half the estimated total square footage plus tax.

The plaintiff and a helper worked on the job from eight to ten hours a day, six days a week for two weeks. Representatives of Franklin were constantly in the area while the work was in progress. The patio measured 4800 square feet which, priced at $2.50 per square foot, amounted to $12,000 plus $960 tax, totaling $12,960. At the same time, the plaintiff also performed some unrelated work for $680.40, yielding a grand total of $13,640.40. A second bill, for the remainder of the work, was delivered to Franklin on July 27, the day before the patio was completed. Shortly thereafter, the plaintiff was paid $2000, leaving an outstanding bal-

ance of $11,640.[3] At trial, the defendants contended that the plaintiff was to be paid $30 per hour plus $15 per hour for a helper rather than by the square foot.

On July 24, 1991, the trial court, *Higgins, J.,* found that the defendants owed the plaintiff $11,640 and rendered an interlocutory judgment of foreclosure of the mechanic's lien. On May 4, 1992, the trial court, *R. O'Connell, J.,* rendered a judgment of foreclosure by sale and allowed the plaintiff $12,780 in attorney's fees. Additional facts are included in our analysis of the law.

I

The defendants do not contest the trial court's calculations or the credibility of the evidence. Their sole argument is that the evidence was insufficient to support the trial court's conclusion that the defendants owed the plaintiff $11,640. We do not agree.

It is undisputed that the plaintiff built a 4800 square foot brick patio for the defendants and has not been fully paid. The memorandum of decision refers to, but does not recite, the subordinate facts the trial court relied on in reaching its $11,640 judgment figure. When we are presented with a claim that the court's decision is not supported by the evidence, our duty on review is to examine not only the memorandum of decision, but also the entire record together with the exhibits and transcripts. *McGaffin* v. *Roberts,* 193 Conn. 393, 409, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985); *In re Lea T.,* 15 Conn. App. 455, 457, 544 A.2d 1245 (1988); *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 45, 521 A.2d 221

---

[3] 
| | |
|---|---|
| 4800 sq. ft. × $2.50 = | $12,000.00 |
| Sales tax | 960.00 |
| Unrelated work | 680.40 |
| | $13,640.40 |
| Credit | - 2,000.00 |
| Balance Due | $11,640.40 |

(1987). Our function on review is not to determine whether the trial court could have reached a different conclusion, but whether the one it did reach is clearly erroneous. *Capital Consulting Group, Ltd.* v. *Rochman,* 218 Conn. 396, 401, 589 A.2d 877 (1991); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The trial court, *Higgins, J.,* rendered judgment for the plaintiff on each count of the complaint. The first count sought foreclosure of a mechanic's lien, the second count alleged the existence of an express oral contract and the third count alleged unjust enrichment. The defendants correctly note that the judgment on the third count appears to be inconsistent with the judgment on the second count because proof of a contract ordinarily precludes the remedy of unjust enrichment. *Polverari* v. *Peatt,* 29 Conn. App. 191, 199, 614 A.2d 484, cert. denied, 224 Conn. 913, 617 A.2d 166 (1992); *Feng* v. *Dart Hill Realty, Inc.,* 26 Conn. App. 380, 383–86, 601 A.2d 547, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). Although the defendants filed a motion for articulation, the trial court denied the motion and the defendants neglected to pursue that denial through review by this court in accord with Practice Book § 4054. Consequently, the trial court was not directed to articulate on which of the conflicting principles it relied. Nevertheless, assuming arguendo that the judgment was improper, the error was harmless because there was sufficient evidence to support a judgment against the plaintiff for $11,640 under either theory.

## A

The defendants' contention that a contract providing for payment of $2.50 per square foot did not exist, implicates the fundamental doctrine of offer and acceptance. It is axiomatic that to create a contract there must be an unequivocal acceptance of an offer. *Bridge-*

*port Pipe Engineering Co.* v. *DeMatteo Construction Co.,* 159 Conn. 242, 246, 268 A.2d 391 (1970); *Leigh* v. *Smith,* 138 Conn. 494, 496, 86 A.2d 567 (1952). The law, however, does not require an express acceptance. *Bridgeport Pipe Engineering Co.* v. *DeMatteo Construction Co.,* supra. Acceptance may be shown by acts or conduct indicating assent to an offer or, under appropriate circumstances, acceptance may be implied by the offeree's silence and inaction. *John J. Brennan Construction Corporation, Inc.* v. *Shelton,* 187 Conn. 695, 710, 448 A.2d 180 (1982); *Shulman* v. *Hartford Public Library,* 119 Conn. 428, 433, 177 A. 269 (1935). Moreover, regardless of actual intent, if the offeree's conduct leads the offeror reasonably to conclude that the offer is being accepted, acceptance has taken place as a matter of law. *John J. Brennan Construction Corporation, Inc.* v. *Shelton,* supra, 709.

In the present case, Tagliatela asked the plaintiff to build the patio. At the time that he started the work, the plaintiff presented an invoice to Franklin's representative calculated on a square foot basis. While the patio was being built, no one suggested that $2.50 per square foot was too high a price or that the plaintiff was to be paid on an hourly basis. Whether the conduct of an offeree can lead the offeror reasonably to infer acceptance is a question of fact for the trial court. Id. The evidence was sufficient to support a trial court finding that the defendants by their words, acts and conduct led the plaintiff reasonably to conclude that they had accepted the plaintiff's offer, thus creating a contract for construction of the patio at $2.50 per square foot. Accordingly, the facts support a finding that there was an express contract between the parties for the amount claimed by the plaintiff.[4]

[4] The complaint also alleged the existence of an implied contract. In view of our disposition of the express contract issue, we do not reach the allegation of an implied contract.

## B

The trial court's conclusion that the defendants owed the plaintiff $11,640 is also supported by the doctrine of unjust enrichment. The doctrine is grounded in the principle that it is contrary to equity and good conscience to allow a person to retain a benefit that has come to him at the expense of another. *Polverari* v. *Peatt,* supra, 200. The defendants' argument centers on the valuation of the plaintiff's labor. The defendants contend that "the plaintiff offered no objective evidence as to reasonable value." We do not agree. The defendants assume that the evidence of value must come from an independent and disinterested third party. This is not the law. "Under the modern rule, a plaintiff is competent to give his opinion as to the reasonable value of his own services, after they have been described with reasonable particularity." *Anderson* v. *Zweigbaum,* 150 Conn. 478, 483, 191 A.2d 133 (1963). Any objection thereto would go to the weight of the testimony. See id.

In the present case, the plaintiff had been doing brickwork for approximately ten years and had owned and operated his own business for four years. For the last four to five years, he had been engaged in pricing brickwork. He testified that brickwork is commonly priced by the square foot and that $2.50 per square foot was a fair and reasonable charge when brick was furnished by the owner, as it was here. This provided sufficient evidence to support the plaintiff's claim that the defendants were unjustly enriched and that the reasonable value of his work was $2.50 per square foot.

## II

The defendants next claim that the trial court's award of attorney's fees is unsupported by the evidence. At the foreclosure hearing, the plaintiff filed an affidavit

itemizing 102.3 hours devoted to the case by his attorneys with a description of the work performed. The plaintiff asked for $12,787.50 based on a rate of $125 per hour. In the trial court, the defendants argued that the amount was excessive compared to the size of the judgment the court rendered. The plaintiff responded that a plethora of pretrial pleadings, including a request to revise, a motion to strike, a motion to dismiss, and requests for discovery had been filed. In addition, there had been a deposition, a full trial and a prior appeal that was dismissed as untimely. The plaintiff was successful in all of these proceedings. The defendants did not ask for an evidentiary hearing on the reasonableness of the bill.

It is well established that the trial court may use its own general knowledge in determining what constitutes a reasonable fee. *Bizzoco* v. *Chinitz,* 193 Conn. 304, 310, 476 A.2d 572 (1984). A court may rely on what has taken place in the proceeding before it to supply evidence to support an award of attorney's fees. Id. In the present case, the court could have properly considered the number and nature of the pretrial motions that had been filed, the extent of other pretrial activity such as discovery and depositions, as well as trial and posttrial activity. "The court was in a position to evaluate the complexity of the issues presented and the skill with which counsel had dealt with these issues." Id., 311. The record here was sufficient to support the attorney's fees awarded.

The judgment is affirmed.

In this opinion the other judges concurred.