[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The A.D.C. Construction Company has filed a complaint in two counts against Millstone, Inc. The first count alleges an express contract to lease trucks to the defendant pursuant to a series of written agreements. The second count is based on quantum meruit. Millstone, Inc., is a construction company specializing in grading which was acting as a subcontractor CT Page 1334 for a company known as Tiger Lee Construction at a job site at Sherwood Lane, Marlborough, Connecticut. A.D.C. Construction is the owner and operator of a fleet of large dump trucks which it customarily rents with a driver to other contractors. The rental fee is $53.45 an hour, which fee it is required to charge since it is a motor common carrier for hire holding a certificate of public convenience and is subject to the rates set by the Connecticut Department of Transportation.
Millstone, Inc. had never done business with A.D.C. Construction. On or about June 14, 1989, Al Chiulli, the dispatcher for A.D.C. received a phone call from the defendant's principal, Thomas Mills, concerning the rental of certain trucks for use on the project where it was acting as a subcontractor. The defendant then ordered three trucks for use on the following day and on June 15 they were sent with their drivers to the Sherwood Heights Project and moved fill and gravel in accordance with the directions of Mills and other agents of the defendant. Other trucks were ordered in the same manner and performed like services on June 16, 19, 20, 21; July 1, 6 and September 4, 1989. At the end of each day, the plaintiff's driver would present to the defendant's agent a preprinted slip on which would be filled out the customer's name and location, the driver's name and number of the truck, usually a description of same, and the number of hours that the truck was in use. These slips were signed by the defendant's representative to verify the number of hours that the truck had been in use. The number of hours and use of the truck is not in dispute. At the bottom of each slip was the following: ". . . a service charge of 1-1/2% per month, on any balance unpaid by end of month following the month of purchases. If collection is necessary, customer agrees to pay seller's cost of collection including an attorney and/or a collection agency." Each slip also contained the following legend at the foot of it. "The person signing this slip is a duly authorized agent of the owner and the owner will be held personally responsible for this charge." The term owner here refers to the customer to whom A.D.C. was renting the truck. The duly admitted business records of the plaintiff show that the trucks with drivers were rented to the defendant at $53.45 per hour for a total value of $8,204.58, exclusive of interest and attorneys fees.
The defendant maintains that somebody from Tiger Lee Construction set up the truck rental; that Tiger Lee was CT Page 1335 responsible for payment; that Tiger Lee directed some of the work of the truck drivers on the scene and may have signed some of the slips. Thomas Mills, however, indicated that he could not remember the names of any of his workers who might have signed the slips rather than himself. He claimed he did not receive the monthly invoices that were sent by the plaintiff and that he first became aware that plaintiff was charging Millstone for rental of the vehicles at a certain meeting between Mr. Chiulli and Jim Anderson, a representative of Tiger Lee. No evidence was offered to indicate why Anderson or some representative of Tiger Lee was not available to testify to corroborate Mills testimony and in fact neither Anderson or any member was offered as a witness.
In the opinion of this court all this testimony was not credible. In the opinion of this court the plaintiff has proven conclusively all of the factual allegations of this complaint.
The defendant is an experienced construction firm and Thomas Mills, its agent, is an experienced contractor. The court is of the opinion that the defendant through his agent Mills, made inquiries of the plaintiff's dispatcher. The dispatcher informed the defendant's agent as to the terms and conditions of the rental of its trucks and use of its drivers, and that this constituted an offer. The court finds that defendant accepted this offer by ordering the trucks and drivers and by making use of them. If any doubt existed as to the terms of collection they were made clear by the depositing with the defendant's agents of the slips signed each day at the end of the day.
Thus in the opinion of this court there existed an express contract between the parties. Bridgeport Pipe Engineering Company v. DeMatteo Construction Co., 159 Conn. 242,246 (1970) and Blakeslee v. Water Comm., 121 Conn. 163,279, Plaines v. Franklin Construction Company, Inc., 30 Conn. App. 612
(1993).
Under the terms of this contract the plaintiff is entitled to recover its fees for the use of its trucks and drivers in the amount of $8,204.58 together with interest thereon at the rate of 1-1/2% per month for 64 months, i.e., from September 30, 1989 to the date of this judgment, which amounts to $7,876.39; plus attorneys fees in the amount of CT Page 1336 $9,124.72.
Accordingly, judgment may enter for the plaintiff in the amount of $25,205.69.