[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JUNE 24, 1996
Where a general contractor uses a would-be subcontractor's bid in its successful proposal to a municipality, does a binding contract between the general contractor and the subcontractor thereby result? May it be a violation of the Connecticut Unfair Trade Practices Act for the general contractor to thereafter demand that the would-be subcontractor do the work for less than the latter's bid or else lose the job? This court answers the first question no and answers the second question yes.
The plaintiff, Johnson Electrical Company, Inc., has filed a two count revised complaint against the defendant, Salce Contracting Associates, Inc. The plaintiff alleges a cause of action for breach of contract and a violation of CUTPA CT Page 5065 respectively. The following facts are alleged in the revised complaint.
The defendant, a general contractor, submitted a bid to the City of Bridgeport for a contract to renovate the Regional Early Childhood Magnet School. The bid form states, "[l]isted below are the names and subcontract prices of certain lone for each trade) Subcontractors who will actually perform the work in accordance with the applicable Contract Documents if the undersigned is awarded the Contract." The plaintiff, an electrical subcontractor, submitted a bid to the defendant offering to perform the electrical work on the project. The defendant included the plaintiff's bid in the defendant's overall bid that it submitted to the City of Bridgeport. Furthermore, the defendant listed the plaintiff's name on the bid form provided to the city.
The City of Bridgeport awarded the contract to the defendant. The defendant, it is claimed, then contacted the plaintiff and demanded that the plaintiff complete the work for less money than stated in the plaintiff's bid. The plaintiff refused and the defendant obtained another subcontractor to perform the plaintiff's work. According to the plaintiff, the defendant's actions constitute a breach of contract and a violation of CUTPA.
The defendant has filed a motion for summary judgment contending that a contract never existed between it and the plaintiff. Therefore, according to the defendant, the plaintiff's breach of contract and violation of CUTPA claims must fail. The plaintiff argues that a genuine issue of material fact exists as to whether the defendant accepted the plaintiff's bid thereby forming a contract since the bid submitted by the defendant to the City of Bridgeport indicates that the listed subcontractors are the entities that will actually perform the work.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) CT Page 5066Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994).
 I
"In order to form a binding and enforceable contract, there must exist an offer and an acceptance based on a mutual understanding by the parties . . . The mutual understanding must manifest itself by a mutual assent between the parties." (Internal quotation marks omitted.) Krondes v. O'Boy,37 Conn. App. 430, 434, 656 A.2d 692 (1995). "[T]o create a contract there must be an unequivocal acceptance of an offer." Pleines v.Franklin Construction Co., 30 Conn. App. 612, 616, 621 A.2d 759
(1993). "Acceptance may be shown by acts or conduct indicating assent to an offer or, under appropriate circumstances, acceptance may be implied by the offeree's silence and inaction."Id., 617. "[I]f the offeree's conduct leads the offeror reasonably to conclude that the offer is being accepted, acceptance has taken place as a matter of law." Id.
The plaintiff submitted a bid to the defendant which constituted an offer to complete the work. John J. BrennanConstruction Corp., Inc. v. Shelton, 187 Conn. 695, 702,448 A.2d 180 (1982). The defendant thereafter placed the plaintiffs bid in the defendant's bid to the City of Bridgeport. The only evidence submitted to support the claim that the defendant accepted the plaintiffs offer is that the defendant's bid to the City of Bridgeport states that the plaintiff is one of the subcontractors that will actually perform the work on the contract. The defendant, however, did not make this statement to the plaintiff or directed any of his actions towards the plaintiff which would have reasonably led the plaintiff to believe that the defendant accepted his offer. Compare Bridgeport Pipe Engineering v.DeMatteo Construction Co., 159 Conn. 242, 248-49, 268 A.2d 391
(1970) (finding that a contract existed between the defendant, a general contractor, and the plaintiff, a subcontractor, because the defendant received the plaintiffs bid, the defendant then requested the plaintiff to begin work, and the plaintiff worked on the project for two years); Raff Co. v. Murphy, 110 Conn. 234,239, 147 A. 709 (1929) (holding that the general contractor accepted the subcontractor's bid creating a contract between the general contractor and subcontractor because the subcontractor submitted a bid conditioned on the ultimate awarding of the contract to the general contractor, the contract was awarded to the general contractor, and the general contractor notified the CT Page 5067 subcontractor of the award and indicated that it would formally notify the subcontractor after receiving formal notification of the award). Since the defendant merely used the plaintiffs bid in presenting its bid to the city and never directed any actions towards the plaintiff which may have allowed it reasonably to conclude that the defendant had accepted its offer, valid acceptance does not exist. Therefore, the plaintiff and defendant never entered into a contract.[1]
 II
The defendant also argues that if a contract never existed between the defendant and the plaintiff, then the plaintiffs CUTPA claim under General Statutes § 42-11 Og(a) should also fail. In order to recover under § 42-11 Og(a), the plaintiff must establish that the defendant engaged in unfair methods of competition or, unfair or deceptive acts or practices in the conduct of any trade or commerce. General Statutes §§ 42-11 Og(a) and 42-11 Ob(a).[2]
There is a "well established test for determining whether a particular act or practice violates CUTPA. `It is well settled that in determining whether [an act or] practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when [an act or] practice is unfair [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. Conawayv. Prestia, [191 Conn. 484, 492-93, 464 A.2d 847 (1983)], quotingFTC v. Sperry Hutchinson Co., 405 U.S. 233, 244-45 n. 5,92 S.Ct. 898, 31 L.Ed.2d 170 (1972) . . . McLaughlin Ford, Inc. v.Ford Motor Co., 192 Conn. 558, 567-68, 473 A.2d 1185 (1984).
"`All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. Statement of Basis and Purpose, Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures, 43 Fed. Reg. 59, 614, [and] 59, 635 (1978) . . . Id., 569 n. 15. Thus a violation of CUTPA may CT Page 5068 be established by showing either an actual deceptive practice; see, e.g. Sprayfoam, Inc. v. Durant's Rental Centers, Inc.,39 Conn. Sup. 78, 468 A.2d 951 (1983); or a practice amounting to a violation of public policy. See, e.g., Sportmen's BoatingCorporation v. Hensley, [192 Conn. 747, 474 A.2d 780 (1984)]. WebPress Services Corporation v. New London Motors, Inc., [203 Conn. 342,355, 525 A.2d 57 (1987)]. Furthermore, a party need not prove an intent to deceive to prevail under CUTPA. See id., 363 (knowledge of falsity, either constructive or actual, need not be proven to establish CUTPA violation). Cheshire mortgage Service,Inc. v. Montes, [223 Conn. 80, 105-06, 612 A.2d 1130
(1992)].' . . . Normand Josef Enterprises, Inc. v. ConnecticutNational Bank, 230 Conn. 486, 522-23, 646 A.2d 1289 (1994)."Jacobs v. Healey Ford-Subaru, Inc., 231 Conn. 707, 725-26,652 A.2d 496 (1995).
The defendant used the plaintiff's bid in forming the defendant's bid and then, after being awarded the contract that included the plaintiff's original price, attempted to force the plaintiff to lower its original offer. This practice is known as "bid shopping." 1 G.M. Stein, Construction Law (1993), § 2.05[1], p. 2-151. "Bid shopping is the term used to describe a prime contractor's post-award effort to obtain lower-priced subcontractors than those upon which he based his price to the owner . . . This practice is generally condemned as unethical by construction industry associations . . ." (Internal quotation marks omitted.) Id. Accordingly, a genuine issue of material fact exists as to whether the defendant engaged in an unfair method of competition or a deceptive act in the conduct of any trade or commerce within the ambit of § 42-110g(a).
The defendant's motion for summary judgment is granted as to count one of the revised complaint and is denied as to count two.
LEVIN, J.