[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS DATED OCTOBER 21, 1997 (#120)
The plaintiffs, Reynold Gagnon and Carlo Centore, filed a complaint on May 30, 1995, alleging in two counts that defendants Marvin M. Shiller and William McQuillan orally agreed to pay the plaintiffs a consulting fee for the acquisition and development of two property sites. The plaintiffs further allege that the defendants breached their contract in failing to pay the agreed upon fee for these services and were therefore unjustly enriched. The defendants filed an answer to the plaintiffs' complaint on November 24, 1995.
On October 21, 1997, the defendants filed a motion to dismiss the plaintiffs' entire complaint based on a lack of subject matter jurisdiction. In addition, the defendants have attached excerpts of deposition testimony.
As required by Practice Book § 10-31, the defendants have filed a memorandum in support of their motion to dismiss, and the plaintiffs have timely filed a memorandum in opposition.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no CT Page 6977 matter in what form it is presented." Fiqueroa v. C S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996)." [T]he court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Id. "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . ." (Citation omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). "Standing is a matter of jurisdiction which cannot be conferred by the parties. . . . If a party is found to lack standing, the court is without subject-matter jurisdiction to determine the cause." (Citation omitted.) Wilder Group, Inc.v. Byers, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536062 (March 14, 1995) (Sheldon, J.) (14 CONN. L. RPTR. 156, 157). "An entity is without standing to bring an action when it is specifically forbidden by statute from so doing." Id.
Chapter 392 of the Connecticut General Statutes governs the licensing and regulation of real estate brokers, salesmen, and appraisers.[1] General Statutes § 20-311 (1) defines a "[r]eal estate broker" as "any person, partnership, association or corporation which, for another and for a fee, commission or other valuable consideration, lists for sale, sells, exchanges, buys or rents, or offers or attempts to negotiate a sale, exchange, purchase or rental of, an estate or interest in real estate. . . ."
Pursuant to General Statutes § 20-311 (3), "[e]ngaging in the real estate business" means "acting for another and for a fee, commission or other valuable consideration in the listing for sale, selling, exchanging, buying or renting, or offering or attempting to negotiate a sale, exchange, purchase or rental of, an estate or interest in real estate. . . ."
Individuals are prohibited from engaging in the real estate business or acting as real estate brokers unless they are duly licensed under the applicable provisions of the Connecticut General Statutes. General Statutes § 20-312 states, "[n]o person shall act as a real estate broker . . . without a license or certification . . . issued by the appropriate commission, unless exempted by the provisions of this chapter."
General Statutes § 20-325a (a) provides "[n]o person who is not licensed under the provisions of this chapter, and who was so not licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to CT Page 6978 recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter."
The defendants argue in their memorandum that the court lacks subject matter jurisdiction over the plaintiffs' claims because these claims are for fees arising out of real estate brokerage services under General Statutes §§ 20-311 (1) and (3). In particular, the defendants argue that the statutory proscription against engaging in brokerage activity of any kind without a valid Connecticut license applies to the type of services the plaintiffs provided. Thus, they argue that General Statutes §20-325a (a) bars the plaintiffs from bringing a suit for fees.
In their memorandum of law in opposition, the plaintiffs "concede" that they were not licensed real estate brokers. (Memorandum in opposition, p. 3.) Nevertheless, the plaintiffs argue that General Statutes, § 20-325a (a) does not bar them from bringing an action for fees because the services they rendered do not constitute the type of real estate transactions requiring a license. Although the plaintiffs admit that their services included limited negotiation for the purchase of real estate, they argue that these negotiations were merely "auxiliary to the work they performed." (Memorandum in opposition, p. 3.) In addition, the plaintiffs argue that they served as "mere laisons [sic] between the property owners and defendants. . . ." (Memorandum in opposition, p. 3.)
"Section 20-325a (a) can only be read to bar [an] action if two conditions are met: (1) that at the time it did the act or rendered the service for which it now seeks to recover a commission, the plaintiff was not licensed as a real estate broker under the provisions of Chapter 392; and (2) the act or service in question was one which, at the time it performed was prohibited under the provisions of Chapter 392 except by persons duly licensed thereunder." Wilder Group, Inc. v. Byers, supra, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 536062. In determining whether a particular transaction constitutes "[e]ngaging in the real estate business" under General Statutes § 20-311 (3). Connecticut has applied a "New Jersey rule" which "denies recovery to an unlicensed broker if the transaction includes any real estate regardless of its dominance." T.R. Preston Co. v. Pasay, Superior Court, Judicial District of Windham, Docket No. 028111 (January 23, CT Page 6979 1985) (Noren, J.) (11 Conn. L. Trib. 12, 15); Salvatore v. Pray,
Superior Court, Judicial District of Stamford at Norwalk, Docket No. 041220 (January 27, 1981) (Melville, J.) (7 Conn. L. Trib. 16, 17); see also Capitol Consulting Group, Ltd. v. Rochman,218 Conn. 396, 400, 589 A.2d 877 (1991). An individual is considered to be engaging in brokerage activity where he provides a variety of services such as bringing property to the attention of a buyer, making various site preparation materials available, and assisting in negotiations. See Belfonti v. Connecticut-Memphis,Ltd., Superior Court, Judicial District of New Haven, Docket No. 299854, 4 CONN. L. RPTR. 196 (June 14, 1991) (Schimelman, J.). An individual may have a compensation claim for services performed without a license where there is "absolutely no element of real estate involved" in the transaction. Capitol Consulting Group, Ltd. v. Rochman,supra, 218 Conn. 401.
Serving as a "conduit" in the negotiations between the potential buyer and seller of property constitutes brokerage activity within the meaning of General Statutes § 20-311 (3).Wilder Group, Inc. v. Byers, supra, 14 CONN. L. RPTR. 159. In theWilder Group, Inc. case, the court emphasized that "[t]o introduce a person to a property is quite different from merely introducing him to the owner of the property so that the owner can deal with him directly and negotiate a sale himself." Id.
The services the plaintiffs rendered constitute real estate transactions for which only licensed real estate brokers may bring suits for compensation. General Statutes §§ 20-311 (3) and 20-325a (a). The transactions set forth in the plaintiffs' complaint include services to "coordinate, negotiate, and pursue the acquisition of properties." (Complaint, First Count, ¶ 10.) Negotiating the purchase of property for another constitutes "engaging in the real estate business" as defined by General Statutes § 20-311 (3). Although the negotiations may have only been one component of the various services allegedly agreed upon (Complaint, First Count, ¶ 9), Connecticut requires a license "if the transaction involves any real estate." T.R.Preston Co. v. Pasay, supra, 11 Conn. L. Trib. 15. The activities of the plaintiffs, as described in their complaint, constitute brokerage activities which the plaintiffs could not lawfully engage in without a valid Connecticut real estate broker's license. Accordingly, the defendants' motion to dismiss is granted.
John W. Moran CT Page 6980 Judge of the Superior Court