[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Tom Sheridan, has filed a two count complaint against the defendants, Marian and Robert Precious. In the first count, the plaintiff seeks payment for custom interior furnishings furnished and installed in the defendants' home pursuant to an oral contract. In the second count the plaintiff seeks recovery under the theory of unjust enrichment.
The defendants have moved to strike the entire complaint on the basis that the plaintiff is not in compliance with the requirements of the Home Improvement Act, General Statutes § 20-418 et seq (HIA). The motion also seeks, in the alternative, to strike the second count because it sets forth inconsistent theories of recovery and to strike the claims against Robert Precious because the allegations are insufficient to establish a basis for his liability.
 Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . A motion to strike admits all CT Page 7772 facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) D'Amico v. Johnson,53 Conn. App. 855, 859, 733 A.2d 869 (1999). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348 576 A.2d 149
(1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Sherwood v. DanburyHospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
 DISCUSSION
The thrust of the defendants' motion with respect to the HIA is that the plaintiff has alleged an oral contract and has not set forth in his pleading sufficient facts to show compliance with the' statute, or the applicability of an exception thereto.
The failure to comply with the provisions of the HIA may be the basis of a motion to strike if the contents of the complaint show dispositively that the HIA applies, and its provisions have not been met. Jay v.Zahringer, Superior Court, judicial district of Stamford/Norwalk at Stamford, CV 960154317, (April 12, 1997, D'Andrea, J.) (19 Conn.L.Rptr. 327);Qualx, Inc. v. Bryan, Superior Court, judicial district of Litchfield, CV 95-0067264 (June 9, 1995, Pickett, J.). Where it is not apparent from the facts of the complaint that the HIA applies, the statute should be pleaded as a special defense. See Sidney v. Devries,18 Conn. App. 581 (1989), 585-87, 559 A.2d 1145 (1980).
Sheridan's amended complaint dated October 16, 2000 (which all parties agree is the operative pleading) alleges an oral agreement by Marian Precious to purchase "custom interior furnishings." It is further alleged that a subcontractor delivered and installed that part of the custom furnishings that needed to be installed. An exhibit to the complaint is allegedly the invoice from "Sheridan Interiors" to Precious detailing, inter alia, the fabrics used, the hardware, the labor involved in making the window treatments, and the cost of installing the treatments.
On the face of the complaint it does not appear certain that the HIA would dispositively bar the plaintiff's claim. The design and creation of interior window drapes and other aspects of a "window treatment" do not obviously fall within the parameters of a "home improvement" as defined by General Statutes § 20-149 (4)[1]. Specifically the court notes that while the statutory definition does include "improvements" to and CT Page 7773 "installation" of "windows" and "flooring," this does not clearly include window drapes or interior carpeting. The selection of window treatments and their' installation, like artwork, mirrors, sconces and floor coverings, fall more into the category of decorative items than into the statutory definition of "home improvement."
The plaintiff also contends that he is an interior decorator, required to be licensed by Connecticut pursuant to General Statutes § 20-377
and therefore exempt from the proscriptions of the HIA which does not apply to any person holding an occupational license. See General Statutes. § 20-428. This fact is not explicitly alleged in the complaint but was set forth in oral argument on this motion and in an affidavit submitted in opposition to the motion. The affidavit and the filing thereof, were, of course, improper since a motion to strike is concerned only with the allegations set forth in the pleadings. Nevertheless, the complaint alleges that the products in question were "custom interior furnishings" and "custom interior window furnishings" sold from a store identified as Sheriden Interiors and the inferences that can logically be drawn from these allegations would allow the plaintiff to prove at trial that he was a licensed interior decorator who was exempt from the proscriptions of the HIA. For the reasons stated above, the defendants' motion to strike the complaint in it its entirety on the basis that it is barred by the HIA is denied.
The defendants' motion also seeks to strike the complaint in its entirety against the defendant Robert Precious because the complaint" fails to allege facts sufficient to invoke liability upon" him. Motion to Strike, 1. While stated as part of the Motion to Strike, this contention was not briefed. Moreover, the complaint does allege that the goods allegedly were delivered and installed "at defendants' home" which appears to be a sufficient allegation to implicate both Marian and Robert Precious. Consequently, this portion of the motion is denied.
Finally, defendants seek to strike the second count of the complaint which attempts to set forth a claim of unjust enrichment. The grounds for this portion of the motion is that in the second count the plaintiff has realleged the operative facts of the first count, i.e. that there was an oral agreement to purchase the custom furnishings. It is axiomatic that a plaintiff may combine in a single complaint causes of action based upon both oral contract and the theory of unjust enrichment. What the defendants claim, however, is that the second count, as pleaded, combines allegations of the existence of an oral contract and a claim for unjust enrichment as a single cause of action. This is improper. The cause of action for unjust enrichment presupposes the lack of an enforceable contract See Pleines v. Franklin Construction Co., 30 Conn. App. 612, 616621 A.2d 759 (1993). Therefore, the second count, as pleaded, must be CT Page 7774 stricken.