[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
PROCEDURAL HISTORY
The plaintiff, Phoenix Horizon, Inc. ("Phoenix"), brings this action to recover sums Phoenix alleges are due it from the defendant, Brian H.T. Anderson ("Anderson"), based on a written agreement (the "agreement") between the parties. Phoenix claims that under the terms of the agreement, Anderson was to pay Phoenix certain sums for timber that Anderson was to cut and remove from property owned by Phoenix on Sand Road in the Town of North Canaan, Connecticut (the "property"). Anderson admitted in his answer that the parties had an agreement. He admitted that he agreed to pay $75 per 1000 board feet for white pine and $200 per 1000 board feet for ash and mixed hardwoods. Under the agreement he also was to provide a mill tally every fifteen days and make payments thereon. Anderson further conceded that he obtained 98,601 board feet of CT Page 137 white pine and owes Phoenix $7,395.08 for the 98,601 board feet. He also admitted that he obtained 52,562 board feet of mixed hardwoods and owes Phoenix $10,512.40 for the 52,562 board feet.
Anderson alleges that he is entitled to setoffs totaling $8,800. Specifically, he claims that he is entitled to: 1) $5,000 already paid to Phoenix (Phoenix acknowledges such receipt); 2) $1,800 for services he provided to Phoenix, at Phoenix's request, relating to a third party's removal of other trees from the property; and 3) $2,000, the amount Anderson alleges Phoenix agreed to pay him for the removal of four willow trees from the property.
The matter was tried to the court on September 5, 2001. Both parties have submitted a post trial brief together with proposed findings of fact and conclusions of law.
FINDINGS OF FACT
Based on the testimony induced, the exhibits admitted and the credibility of the witnesses, the court could reasonably find the following facts as proven (the court will not address the admissions in the defendant's answer).
Anderson did engage in activities in an attempt to recover compensation from Connecticut Light and Power Company ("CLP"), which had cut some trees on the property.
An oral agreement existed between the parties that related to any compensation received from CLP.
This oral agreement provided that any amounts that might be recovered from CLP would be divided equally between the parties.
At Phoenix's request, Anderson removed four willow trees from the property. The consistent testimony of the parties indicates that these willow trees Anderson removed were very large and took several days to cut down and clean up.
The court finds that the more credible evidence dictates that the removal cost of $500 per willow tree is correct.
DISCUSSION
The oral agreement between the parties related to the equal division of any recovery from CLP precludes any setoff posited by Anderson for the reasonable value of his services. There was an oral agreement on this CT Page 138 issue and Anderson is bound by it. He cannot claim any unjust enrichment or quantum merit because of the oral agreement.
"[P]roof of a contract enforceable at law precludes the equitable remedy of unjust enrichment." Pleines v. Franklin Construction Co.,30 Conn. App. 612, 616 621 A.2d 759 (1993). "The cause of action for unjust enrichment presupposes the lack of an enforceable contract."Sheridan v. Precious, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 179241 (June 6, 2001, Adams,J.); see Pleines v. Franklin Construction Co., 30 Conn. App. 612, 616621 A.2d 759 (1993).
Regarding the portion of the agreement pertaining to the removal of the four willow trees, plaintiff testified that the parties agreed to a price of $500 for the removal of the four trees. Anderson, on the other hand, testified that he agreed to do the removal of the four trees for $500 per tree or a total of $2,000. He further testified, without objection, that he had checked with other individuals in the tree removal business and they estimated the removal of such trees ranging from $7,000 to $8,000.
"The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group, Inc. v. Colossale Concrete, Inc.,207 Conn. 468, 473, 542 A.2d 692 (1988). The court finds that the more credible evidence supports the $2,000 amount as the reasonable cost for removing the four willow trees.
Phoenix's post trial memorandum asserts entitlement to interest at the statutory interest rate.
"Parties claiming damages for breach of contract must have a statutory basis for a claim of prejudgment interest. "Foley v. Huntington Co.,42 Conn. App. 712, 739, 682 A.2d 1026, cert. denied, 239 Conn. 931,683 A.2d 397 (1996); see Westport Taxi Service, Inc. v. Westport TransitDistrict, 235 Conn. 1, 36-44, 664 A.2d 719 (1995). General Statutes § 37-3a provides that: interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable."
"The allowance of prejudgment interest as an element of damages is an equitable determination and a matter lying within the sound discretion of the trial court. . . . Before awarding interest, the trial court must ascertain whether the defendant has wrongfully detained money damages due the plaintiff. . . . Interest on such damages ordinarily begins to run from the time it is due and payable to the plaintiff. . . . The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice CT Page 139 rather than through the application of an arbitrary rule." (Citations omitted; internal quotation marks omitted.) Blakeslee Arpaia Chapman,Inc. v. El Constructors, Inc., 239 Conn. 708, 734-35 (1997).
In the present case, the court concludes that the defendant did wrongfully detain funds due the plaintiff prior to the entry of judgment against the defendant. The statutory language indicates that wrongful detention occurs when money is detained "after it becomes payable." General Statutes § 37-3a; see also Blakeslee Arpaia Chapman, Inc. v.El Constructors, Inc., supra, 239 Conn. 734-35.
CONCLUSION
On the complaint, Phoenix is entitled to recover $17,907.48. Anderson is entitled to a setoff in the amount of $5,000 already paid to Phoenix and an additional setoff in the amount of $2,000 for the removal of the willow trees. The net amount due to Phoenix is $10,907.48 plus interest of $3,181.35 from October 1, 1998.
Judgment may enter accordingly. Costs are taxed to neither party.
Cremins, J.